# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, BRIAN NORMAN, HOOD'S GUNS & MORE, PRO GUN AND INDOOR RANGE, and NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL, Attorney General of Illinois, and BRENDAN F. KELLY, Director of the Illinois State Police, <br><br> Defendants. | No. 3:23-cv-00209 |

### AMICUS BRIEF OF THE ILLINOIS SHERIFFS' ASSOCIATION

The Illinois Sheriffs' Association ("ISA") submits this Amicus Brief in support of Plaintiffs' Motion for Preliminary Injunction directed at HB 5471, 720 ILSC 5/24-1.9(b). The ISA represents the sheriffs in Illinois who are tasked with implementing the laws of this State. Because of their regular interactions with members of the public, member sheriffs are regularly the face of the laws that the Illinois Legislature enacts. These peace officers take pride in protecting the citizens of this State through the enforcement of its laws and doing so in a manner that simultaneously respects the rights and privileges of law-abiding citizens across the State. Because actions that interfere with the rights of law-abiding citizens – particularly rights enshrined in the United States Constitution – create conflicts and are contrary to the fundamental objectives of law enforcement, they impede law enforcement officers' ability to work respectfully with and among members of the public in the enforcement of the laws necessary to protect and enhance the communities they serve.

The passage of HB 5471 creates just such a conflict. As described in more detail in Plaintiffs' Motion for Preliminary Injunction (Doc. 10 at pp. 2-6), HB 5471 outlaws the manufacture, sale and purchase of both long guns and semi-automatic pistols swept into the statute's broad definition of "assault weapons." 720 ILCS 5/24-1.9(a), (b). Within the next year, HB 5471 also bans possession of such firearms, unless the owner possessed them before the statute was enacted and registers them. 720 ILCS 5/24-1.9(c), (d). Even for registered firearms, however, the statute places substantial limitations on the owner's possession of them. 720 ILCS 5/24-1.9(d). And HB 5471 also bans any "large capacity ammunition feeding device," which includes magazines with a capacity of more than 10 rounds for long guns and more than 15 rounds for handguns. 720 ILCS 5/24-1.10.

The ISA supports efforts to make Illinois and all of its citizens safe, but it also recognizes that those efforts must be within the bounds set by the Constitution. HB 5471 crosses those bounds, and in doing so, demands that sheriffs enforce a law that deprives the law-abiding citizens they serve of their constitutional right to keep and bear arms for lawful purposes, including sport and self-defense. Because law enforcement should never be compelled to violate the constitutional rights of Illinois citizens, the ISA supports Plaintiffs' action to enjoin the implementation of HB 5471 and to have the statute declared unconstitutional.[1]

**INTEREST OF THE AMICUS**

Since 1928, the ISA has been dedicated to improving public safety, working to assist Illinois' 102 county sheriffs with training, communication, and the necessary resources for them to serve local communities more efficiently. Counting more than 40,000 Illinois citizens, business

---

[1] *Amicus* affirms that no counsel for a party wrote this brief in whole or in part, and no party or party's counsel and no person or entity other than *amicus* or its members made a monetary contribution intended to fund the brief's preparation or submission.

leaders, and law enforcement personnel as members, the ISA works with its sheriffs to help them meet the rigorous demands and requirements for law enforcement in today's world. The ISA is dedicated to upholding each sheriff's rights to perform their sworn duty to serve and protect Illinois citizens.  As part of its efforts, the ISA promotes sound legislation to help its law enforcement officers and better serve the public.

As the legislative voice of frontline sheriffs throughout Illinois, the ISA opposes interference with the constitutional right of law-abiding citizens to own and possess the firearms banned by HB 5471.  Moreover, it recognizes that any law which compels its law enforcement members to take actions contrary to those citizens' rights harms law enforcement's standing in the communities and makes their mission of protecting and enhancing Illinois communities more difficult.

## ARGUMENT

### I.     HB 5471 IS AN OBVIOUS VIOLATION OF THE SECOND AMENDMENT.

The Second Amendment to the United States Constitution preserves "the right of the people to keep and bear Arms" and declares that this right "shall not be infringed." U.S. CONST. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court made abundantly clear that a ban on the possession of handguns – an "entire class of 'arms' that is overwhelmingly chosen by American society for [the] lawful purpose [of self-defense]" – runs afoul of this constitutional provision.  554 U.S. at 628.  The *Heller* Court also made clear that the Second Amendment's protections apply even to firearms that did not exist when the Constitution was adopted, so long as they are commonly used today for legal purposes by law-abiding citizens. *Id*. at 624-25; *see also N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2128 (2022) (noting that the Second Amendment's protections extend to "any weapon" commonly used today). "Constitutional rights are enshrined with the scope they were understood to have when the people

3

adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Heller*, 554 U.S. at 634-35.

Plaintiffs' Motion establishes the fact that the firearms and magazines banned by HB 5471 are commonly used today by law-abiding citizens for lawful purposes. Doc. 10 at 8-12. Thus, the State's outright ban of those firearms is directly contrary to *Heller* and cannot stand. *See Ezell v. City of Chicago*, 651 F.3d 684, 703 (7th Cir. 2011) ("Both *Heller* and *McDonald* suggest that broadly prohibitory laws restricting the core Second Amendment right—like the handgun bans at issue in those cases, which prohibited handgun possession even in the home—are categorically unconstitutional.").

Even assuming that the Second Amendment only "presumptively" applies to the sale, purchase, and possession of the firearms and ammunition affected by HB 5471, the State would still be required to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30. Yet, as detailed in Plaintiffs' Motion, Doc. 10 at 12-14, although semiautomatic firearms have long been available to and popular with the public, prior to the late 1980s, only a handful of states imposed serious restrictions on such firearms. Within the framework recognized by *Bruen*, these regulatory efforts were either too little or too late to constitute a "historical tradition" of firearms regulation that could overcome the presumption that such regulations are prohibited by the Second Amendment. *See Bruen*, 142 S. Ct. at 2126.

For these reasons and the arguments more fully set forth in Plaintiffs' Motion, the ISA and the ILFOP submit that HB 5471 is patently unconstitutional.

## II. STRIKING DOWN HB 5471 AVOIDS ENFORCEMENT OF FACIALLY UNCONSTITUTIONAL PROHIBITIONS REGARDING FIREARMS.

As demonstrated in the prior section, HB 5471's complete ban on an entire class of firearms is facially unconstitutional and ignores the consistent treatment of the Second Amendment by the Supreme Court since *Heller* nearly 15 years ago. It is the conspicuous nature of HB 5471's conflict with the Second Amendment that not only justifies a preliminary injunction as a matter of course, but also which makes such relief significant for law enforcement officers.

The sheriffs represented by the ISA unquestionably share a commitment to the rule of law in Illinois. But that rule of law starts first and foremost with the United States Constitution. In fact, sheriffs are required to take an oath prescribed in the Illinois Constitution that begins with an affirmation that "I do solemnly swear (affirm) that I will support the Constitution of the United States…." Ill. Const. art. XIII, § 3. Police officers across Illinois commonly take the same oath. *See*, *e.g.*, Code of Oak Park, IL, § 19-1-2, available at https://codelibrary.amlegal.com/codes/oakparkil/latest/oakpark_il/0-0-0-9329 ("I do solemnly swear that I will support the Constitution of the United States").

When the Supreme Court ruled that the Second Amendment's prohibition on the infringement of the right to keep and bear arms applied to the states under the Fourteenth Amendment, the Court found it "clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty." *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010). That concept of "ordered liberty" is fully consistent with the fundamental objectives of the law enforcement members of the ISA, balancing the rules and limitations created by the State's laws with the principle of individual liberty that underpins society. And the Second Amendment provides the overarching guideline for how that balance must be achieved with respect to firearms.

5

Because the citizens of Illinois justifiably look to law enforcement officials to conduct themselves in a manner that respects their individual rights, those officials' standing and authority in their communities is compromised when they are challenged to enforce a facially unconstitutional law. This is particularly true where the statute at issue – like HB 5471 – directly and significantly interferes with a recognized fundamental constitutional right. This harms the public perception of law enforcement, making their critical jobs even harder to perform, at a time when they are otherwise working to demonstrate their commitment to the recognition and protection of the rights of Illinois citizens. It is the open and obvious disregard of the Second Amendment's reach that puts law enforcement officials in an untenable position and justifies immediate relief though a preliminary injunction against enforcement of HB 5471.

### III. INFRINGEMENT OF THE CONSTITUTIONAL RIGHTS OF LAW-ABIDING CITIZENS IS NOT JUSTIFIED BY CRIMINAL ACTIVITY.

Finally, the popular narrative is that banning the sale, purchase, and possession of assault weapons is a necessary step in the fight against crime. But the purported justification for the legislative restrictions on firearms does not come into play in the straightforward application of the Second Amendment. *See Bruen*, 142 S. Ct. at 2133 n.7 (there can be no "independent means-end scrutiny under the guise of an analogical inquiry"). The fundamental protection afforded by the Second Amendment does not allow for bypassing that protection simply because the government thinks that is the better approach.

Moreover, even if a balancing of the strength of the right against the stated need for the restriction was appropriate, the purported rationale for imposing a ban on this class of firearms is not well supported. Indeed, while the prevalence of firearms that would come within HB 5471's

ban has been increasing,[2] the numbers for violent crimes in Illinois have steadily decreased. In 1991, the Illinois violent crime rate was 1,039 per 100,000 population, while that number had dropped to 404 per 100,000 in 2018.[3] At the same time, even looking at murders committed with firearms in 2020, only 3% of those were committed with rifles, of which "assault weapons" were only a subset.[4]

In the end, even if the court could properly consider a means-end analysis, that analysis would not justify the broad restrictions in HB 5471. Perhaps that is why research shows more than 2/3 of police officers in the United States oppose so-called "assault weapons" bans.[5] The ISA agrees with those police officers that these restrictions on the exercise of fundamental constitutional rights of law-abiding citizens cannot be justified by the misuse of these firearms by criminals.

## CONCLUSION

For these reasons, the ISA respectfully requests that this Court grant Plaintiffs' Motion for Preliminary Injunction, hold that HB 5471 violates the Second Amendment to the U.S. Constitution, declare that HB 5471 is invalid and unenforceable.

---

[2] *See Miller v. Bonta*, 542 F. Supp. 3d 1009, 1022 (S.D. Cal. 2021), *vacated and remanded*, No. 21-55608, 2022 WL 3095986 (9th Cir. Aug. 1, 2022) ("Over the last three decades … the numbers [of modern rifles] have been steadily increasing."). The Ninth Circuit vacated the decision of the district court and remanded the case for further consideration in light of the Supreme Court's decision in *Bruen*. 2022 WL 3095986.

[3] *See* Illinois Crime Rate, 1979-2018, available at https://www.macrotrends.net/states/illinois/crime-rate-statistics.

[4] *See* John Gramlich, *What the data says about gun deaths in the U.S.*, Pew Research Center, Feb. 3, 2022 (available at https://www.pewresearch.org/fact-tank/2022/02/03/what-the-data-says-about-gun-deaths-in-the-u-s/).

[5] *See* Rich Morin, Kim Parker, Renee Stepler, Andrew Mercer, *Behind the Badge – 6. Police views, public views*, Pew Research Center, Jan. 11, 2017 (available at https://www.pewresearch.org/social-trends/2017/01/11/police-views-public-views/).

Dated: February 27, 2023

By: */s/ Michael L. Rice*

Michael L. Rice
Katie Colopy
HARRISON LAW LLC
141 W. Jackson Blvd.
Suite 2055
Chicago, IL 60604
(t) (312) 638-8776
(f) (312) 638-8793
mikerice@hlawllc.com
katiecolopy@hlawllc.com

ATTORNEYS FOR AMICUS
ILLINOIS SHERIFFS' ASSOCIATION

8

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on February 27, 2023, the foregoing Amicus Brief was electronically filed with the Clerk of the U.S. District Court prior to midnight Central time, using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Michael L. Rice*
Michael L. Rice
Attorney for Amicus

9