IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT et al.,<br>    *Plaintiffs*,<br> v.<br>KWAME RAOUL et al.,<br>    *Defendants*. | Case No. 3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL et al.,<br>    *Plaintiffs*,<br> v.<br>KWAME RAOUL et al.,<br>    *Defendants*. | Case No. 3:23-cv-141-SPM |
| JEREMY W. LANGLEY et al.,<br>    *Plaintiffs*,<br> v.<br>BRENDAN KELLY et al.,<br>    *Defendants*. | Case No. 3:23-cv-192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS et al.,<br>    *Plaintiffs*,<br> v.<br>JAY ROBERT "JB" PRITZKER et al.,<br>    *Defendants*. | Case No. 3:23-cv-215-SPM |

**MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE
AMICUS BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTIONS FOR A PRELIMINARY INJUNCTION**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully submits this motion for leave to file an amicus curiae brief in the above-captioned action in support of the State Defendants' Opposition to Plaintiffs' Motions for a

Preliminary Injunction. If granted leave, Everytown will file the brief attached as Exhibit A.[1] The *Barnett* Plaintiffs, the *Harrel* Plaintiffs, the *FFL* Plaintiffs, and the State Defendants consent to this motion; the McHenry County Defendants do not object; the Crawford County Defendants state that they consent if all other parties consent; and the remaining parties have as of yet not indicated a position on the motion.

In support of this motion, Everytown states as follows:

**INTEREST OF AMICUS CURIAE**

1. Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 370,000 in Illinois. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 27 cities and localities in Illinois are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

2. Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 60 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Miller v. Smith*, No. 22-1482, Dkt. 42 (7th Cir. Oct. 13,

---

[1] No party's counsel authored the proposed amicus brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

2022); *Antonyuk v. Nigrelli*, No. 22-908, Dkt. 193 (2d Cir. Jan. 17, 2023); *Nat'l Ass'n for Gun Rts. v. City of Highland Park, Ill.*, No. 1:22-cv-04774, Dkt. 70 (N.D. Ill. Feb. 1, 2023). Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019) *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

## LEGAL STANDARD AND ARGUMENT

3. The decision whether to accept an amicus brief is within the discretion of the district court. *See Rawson v. ALDI, Inc.*, No. 1:21-cv-2811, 2022 WL 1556395, at *7 (N.D. Ill. May 17, 2022) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)). An amicus brief "should be permitted where the amicus presents 'ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Id.* (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). "A court is more likely to grant leave … when the amicus 'has a unique perspective or specific information that can assist the court beyond what the parties can provide.'" *Id.* (quoting *Voices for Choices*, 339 F.3d at 545). An amicus brief may prove helpful to the court by, among other things, "'offering a different analytical approach to the legal issues before the court; [h]ighlighting factual, historical, or legal nuance glossed over by the parties; … [or] [i]dentifying how other jurisdictions … have approached one or another aspect of a legal question or regulatory challenge.'" *Id.* (first and third alterations in original) (quoting

3

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers)).

4. Everytown respectfully submits that the proposed amicus brief would offer helpful insight to the Court regarding three methodological issues presented by Second Amendment cases in the wake of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *First*, Everytown's proposed brief explains that in the initial, textual inquiry of the *Bruen* framework, Plaintiffs have not met their burden to establish that assault weapons and large-capacity magazines are protected "arms" within the meaning of the Second Amendment. *Second*, Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis. As Everytown's proposed brief explains, this is particularly so under *Bruen* where, as here, the challenged ordinance implicates "unprecedented societal concerns or dramatic technological changes." *Id.* at 2132. *Third*, Everytown's proposed brief explains that, in light of *Bruen*'s discussion of the historical laws justifying sensitive places, *see id.* at 2133, even a small number of laws can be sufficient to establish this nation's tradition of firearm regulation. Everytown respectfully submits that the explication of these methodological issues in the attached amicus brief would assist the Court's decision-making. *Cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44 (reasoned order granting Everytown's motion for leave to file similar amicus brief in post-*Bruen* challenge to New York law).

5.      This motion is timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Everytown is filing this motion 7 days after the principal brief of the party it is supporting and 14 days before the deadline for Plaintiffs' replies. Accordingly, granting this motion would not cause any delays to the litigation.

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached as Exhibit A.

Dated: March 9, 2023                    Respectfully submitted,

/s/ Bhavani K. Raveendran_____
**ROMANUCCI & BLANDIN, LLC**
Bhavani K. Raveendran
Antonio R. Romanucci
David A. Neiman
321 North Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
dneiman@rblaw.net

*Counsel for Amicus Curiae*