

LAW FIRM OF
DAVID G. SIGALE, P.C.

April 23, 2023

The Honorable Stephen P. McGlynn
United States District Court for the Southern District Court of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

Re: *Caleb Barnett v. Raoul*, 3:23 CV 209-SPM
- *Dane Harrel, et al v. Kwame Raoul, et al*, 3:23 CV 141-SPM

**RESPONSE TO DEFENDANTS' SUPPLEMENTAL AUTHORITY**

Applying the proper legal framework, *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety and Homeland Security*, No. 22-951-RGA, 2023 U.S. Dist. LEXIS 51322 (D. Del. March 27, 2023), supports Plaintiffs' position. *Heller* and *Bruen* establish that law-abiding citizens have an absolute right to possess and use arms that are in common use for lawful purposes. *See* Pls. Motion for Preliminary Injunction at 8–10 (Dkt. #16). *Delaware State Sportsmen's Association* confirms that the firearms and ammunition magazines that Illinois bans are in common use and therefore cannot be banned. The case held that both "assault long guns" (a category similar to the rifles banned by Illinois) and magazines in excess of seventeen rounds (larger than the ten rounds allowed by Illinois) "are in common use for self-defense." 2023 U.S. Dist. LEXIS 51322, at *14, *22. Under *Heller* and *Bruen*, that is the end of the matter—a law banning commonly possessed arms is unconstitutional, full stop.

*Delaware State Sportsmen's Association* erred by nevertheless holding Delaware's bans to be constitutional. The root of the court's error was placing the "common use" test at the textual, rather than historical, stage of the *Bruen* inquiry. As a matter of plain text, *Heller* and *Bruen* make clear that the Second Amendment extends to all "instruments that facilitate armed

430 West Roosevelt Road
Wheaton, IL 60187

Phone: 630.452.4547
Fax: 630.596.4445

Website: www.sigalelaw.com
Email: dsigale@sigalelaw.com

self-defense." *Bruen*, 142 S. Ct. at 2132. It is at the historical stage, where the government bears the burden, that *limitations* on the right to possess such instruments must be established. This again is clear from *Heller*, which derived the common use test from "the *historical tradition* of prohibiting the carrying of 'dangerous and unusual' weapons." 554 U.S. at 627 (emphasis added).

*Delaware State Sportsmen's Association* further erred by relying primarily on restrictions on Bowie knives and machine guns to justify bans of the type at issue here. *See* 2023 U.S. Dist. LEXIS 51322, at **31-32, 33-34. *See* Plaintiffs' Preliminary Injunction Reply at 8–9 (Bowie knives); 10–11 (machine guns). Both as to the type of arm and the burden on the right of armed self-defense, such regulations are not "relevantly similar" such that they are appropriate historical analogues. *Bruen*, 142 S. Ct. at 2132.

Respectfully submitted,

David G. Sigale
Attorney for Plaintiffs
*Dane Harrel, et al v. Kwame Raoul, et al*
3:23 CV 141-SPM

430 West Roosevelt Road
Wheaton, IL 60187

Phone: 630.452.4547
Fax: 630.596.4445

Website: www.sigalelaw.com
Email: dsigale@sigalelaw.com