IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>      Plaintiffs,<br>            vs.<br>KWAME RAOUL, *et al.*,<br>      Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>      Plaintiffs,<br>            vs.<br>KWAME RAOUL, *et al.*,<br>      Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>      Plaintiffs,<br>            vs.<br>BRENDAN KELLY, *et al.*,<br>      Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS, *et al.*,<br>      Plaintiffs,<br>            vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>      Defendants. | Case No.  3:23-cv-215-SPM |

**DIRECTOR KELLY'S MOTION TO STAY CONSIDERATION
OF THE *LANGLEY* PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Director of the Illinois State Police, Brendan Kelly ("Director Kelly"), brings this motion to stay consideration of the *Langley* plaintiffs' motion for partial summary judgment (Dkt. 111)[1] on their unique claims alleging that two specific provisions in the Protect Illinois Communities Act, Public Act 102-1116 (the "Act"), are unconstitutionally vague. In support of this motion, Director Kelly states as follows:

---

[1] Post-consolidation docket citations are to the lead case, *Barnett v. Raoul*, No. 23-cv-209.

1. On February 24, 2023, this Court stayed these proceedings except to consider Plaintiffs' common claims in their preliminary injunction motions, which all derive from the Second Amendment. (Dkt. 32 at 2–3 n.1 ("Any other rights raised are not waived; they are stayed and may be litigated at a later date.").)

2. In the same order, the Court consolidated these four actions for discovery. (Dkt. 32 at 3 ¶ 8.)

3. The Seventh Circuit currently has jurisdiction over interlocutory appeals from this Court's April 28, 2023 preliminary injunction order in these four actions. Briefing is set to complete on June 26, 2023, and oral argument on June 29, 2023.

4. No party has sought a discovery schedule from this Court, nor have the parties initiated discovery.

5. No party has requested that this Court lift its stay of the other claims in these actions, nor has any party privately proposed lifting the stay.

6. Nonetheless, on May 19, 2023, one group of plaintiffs from these four cases, the plaintiffs in *Langley v. Kelly*, filed a partial summary judgment motion against two defendants on two stayed claims: a claim that the Act's limiting of handgun magazine capacity to 15 rounds and long gun magazine capacity to 10 rounds, 720 ILCS 5/24–1.10(a)(1), is unconstitutionally vague (*Langley* Compl., Count IV); and a claim that the Act's inclusion of copycat "assault weapon[s]"— "copies, duplicates, variants, or altered facsimiles with the capability of" specifically listed models, 720 ILCS 5/24–1.9(a)(1)(J)-(K)—is unconstitutionally vague (*id.*, Count VI (mislabeled as a duplicate "Count IV"). (Dkt. 111.) The motion does not move for judgment on their Second Amendment claims (Counts II, III, and IV), nor does it move on an additional stayed claim based on the Fifth Amendment (Count I). (*See id.*)

7.	In the interest of judicial economy and to avoid piecemeal litigation and appeals, the Court should continue its stay of the proceedings on these claims and deny without prejudice the *Langley* plaintiffs' summary judgment motion. In the alternative, Director Kelly requests the Court set a discovery and dispositive motion schedule in these actions, and allow him at least 30 days after the close of discovery to respond to the *Langley* plaintiffs' motion.

8.	First, adjudicating the *Langley* plaintiffs' motion now creates the undesirable and inefficient possibility of three successive interlocutory appeals from the same case. Because the *Langley* plaintiffs' motion seeks both summary judgment and an injunction against the Act based on that motion, the entry or denial of the requested injunction would likely be immediately appealable under 28 U.S.C. § 1292(a)(1). (Dkt. 111 at 21 (asking the Court to "enjoin [the Act's] enforcement").) Given that briefing and argument will conclude in the Seventh Circuit regarding the current interlocutory appeals before briefing of the instant motion, deciding the *Langley* plaintiffs' motion would generate a second interlocutory appeal too late for consolidation with the currently pending interlocutory appeals. Furthermore, the *Langley* plaintiffs also have an additional Fifth Amendment claim that seeks injunctive relief against the Act not yet briefed in a motion to the Court. After discovery and dispositive motions on that claim comes to pass, the grant or denial of an injunction on that claim also would be an immediately appealable interlocutory order under 28 U.S.C. § 1292(a)(1). The inconvenience and costs imposed by such a piecemeal approach are evident.

9.	Second, adjudicating the *Langley* plaintiffs' motion will require the parties to begin discovery in a particularly inefficient manner. The motion for summary judgment includes factual assertions that Director Kelly should be permitted to test in discovery. To resolve the instant motion, then, the Court has the unenviable decision of whether to (a) require piecemeal discovery

between a subset of plaintiffs and defendants on just two claims—creating costs and inefficiencies from multiple rounds of written discovery, repeat depositions of the same witnesses, and confusion among counsel about the scope of discovery that will overlap with discovery relevant to legal claims by and against other parties—or (b) require discovery between all parties on all claims—risking unnecessary costs by requiring the parties to initiate factual discovery while the Seventh Circuit is actively considering the appropriate legal framework for the majority of the claims in these actions.

10. Third, lifting the stay as to only two claims will deprive this Court of some of the benefits of consolidation. When Chief Judge Rosenstengel transferred the *Langley* action to this Court she recognized it "arises out of the same facts and is closely related to *Harrel, et al. v. Raoul, et al.*, Case No. 23-141-SPM," and that assigning cases with such overlap to a single judge allows the courts to reduce waste. (*Langley* Dkt. 13 (citing *Smith v. Check-N-Go of Illinois*, 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Equifax Check Services*, 181 F.3d 832, 839 (7th Cir. 1999)). Requiring two defendants to engage in discovery and dispositive motion practice with three plaintiffs regarding only two legal claims that relate closely to the facts relevant to all claims in these four actions risks duplication of litigation and wasting judicial resources.

11. Pursuant to its authority under Rule 42(a)(3), this Court can avoid the possibility of costly piecemeal resolution by denying the pending motion without prejudice and continuing to stay proceedings of these claims pending the interlocutory appeals. After the Seventh Circuit issues its mandate, all parties should meet and confer and propose a consolidated discovery and dispositive motion schedule. *See* Local R. 26.1(d) (mandating cooperative discovery agreements). The most efficient way to resolve the *Langley* plaintiffs' motion is at a later date, after discovery and after the current interlocutory appeals are resolved.

12. Alternatively, Director Kelly requests the Court set a discovery schedule in these consolidated actions, and allow him at least 30 days after the close of discovery to respond to the *Langley* plaintiffs' summary judgment motion.

WHEREFORE, Director Kelly requests that the Court enter an order denying without prejudice the *Langley* plaintiffs' May 19 motion for summary judgment (Dkt. 111) and continuing the stay of litigation regarding Count I, IV, and VI of the *Langley* complaint, or, in the alternative, setting a discovery schedule in these actions and allowing Director Kelly 30 days after the close of discovery to respond to the motion.

Dated: June 2, 2023

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

/s/ Kathryn Hunt Muse
Kathryn Hunt Muse, No. 6302614
Deputy Chief, Public Interest Division
Office of the Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601
(312) 814-3000
Kathryn.Muse@ilag.gov
*Counsel for ISP Director Kelly*

## CERTIFICATE OF SERVICE

I certify that on June 2, 2023, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Kathryn Hunt Muse
Kathryn Hunt Muse
Deputy Chief, Public Interest Division