IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALEB BARNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-209-SPM |
| | ) | |
| KWAME RAOUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| DANE HARREL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-141-SPM |
| | ) | |
| KWAME RAOUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| JEREMY W. LANGLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-192-SPM |
| | ) | |
| BRENDAN KELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO STAY SUMMARY JUDGMENT MOTION**

This Court previously heard a consolidated Motion for Preliminary Injunction, *limited to Second Amendment issues*. Plaintiffs in this case agreed to *temporarily* forego briefing and

ruling on non-Second Amendment issues, in order to expedite a trial court decision on actual *Second Amendment* issues, as most of the litigants in the consolidated action brought only those claims, despite other obvious claims that could have been brought.

Plaintiff's were crystal clear they were not waiving those no Second Amendment issues. This Court, at oral argument on the Second Amendment issues in the preliminary injunction, even commented that we will have to get to the non-Second Amendment issues in the future. That future is now.  Defendants noted this Court's order (Doc. 32), and Plaintiff's simply note, this is a "later date" upon which the claims can be litigated.  To the extent the Court wishes a formal motion or formal request, to litigate those issues at this time, the Court may consider this response as same.

**The Seventh Circuit Currently Has Jurisdiction Over Interlocutory Appeals**

Yes, currently, the Seventh Circuit has jurisdiction over the propriety of this Court's granting a preliminary injunction, *based on Second Amendment issues*.  Those issues do not include the subject of the instant motion, and the appeal is not of the entire case.  In fact, they have nothing to do with each other.  Whether or not the Seventh Circuit (or ultimately the Supreme Court) affirms, or rejects, the Second Amendment claims in this case, *at the preliminary injunction phase,* will neither be the end of this issue, nor will it end the case.  At most, it will strongly suggest the ultimate outcome, of Second Amendment claims.

Vagueness and Fifth Amendment issues remain.  Every day that goes by, Defendant is purporting to enforce this statute, to the detriment of the people of the State of Illinois.  Justice delayed is in fact justice denied.  Every day that does by with the challenged statute in effect, citizens in Illinois risk arrest on a vague and undecipherable statute, or worse, being unable to

mount an effective defense if and when attacked, for fear of using a firearm of ammunition feeding device possibly potentially prohibited by the Act.

**Discovery**

It is unclear just what discovery Defendant could possibly want to respond to this motion. FRCP 56(d) requires that a party seeking to delay a summary judgment motion on the basis of needed discovery to state, either in an affidavit, or in a sworn statement, just what that discovery sought it. No such affidavit or sworn statement is attached to Defendant's motion. No description of any desired discovery appears to be set forth in the actual motion to stay either.

The simple and obvious fact is that the State needs no discovery at all to respond to this motion. Defendant is the Illinois State Police, with a chain of forensic laboratories and firearms experts on staff. Either Plaintiff is completely wrong on all of his alleged facts, and thus the factual basis of the motion is wrong, and if so, presumably the State of Illinois, with all of its resources and experts, can find one person to say so in an affidavit refuting an allegation material to the motion, and thereby creating an issue of fact in dispute, or, Plaintiffs, a few oilfield workers from Crawford County, represented by a two person law firm, have out litigated the entire State legal system of the Illinois Attorney General, and filed a meritorious motion, along the line of a checkmate in 3 moves, and the State simply weeks to delay the inevitable.

Presumably, if the facts submitted in support of the summary judgment motion were wrong, or even questionable, *somebody* would be able to sign an affidavit stating that there are no rifles, pistols or other kinds of firearms that use the same kinds of ammunition feeding devices interchangeably. As Plaintiff's can actually demonstrate to the Court, if requested, and in person, that such firearms and ammunition feeding devices not only exist, but are common, this is unlikely. Presumably, if the facts submitted in support of the summary judgment motion were

wrong or even questionable, someone would be able to sign an affidavit for the State explaining to some objective certainty what an "AK Type" or "AR Type" firearm is supposed to mean, and where under the law, same is defined in some rational and decipherable way, so as to avoid a citizen wondering if their firearms, marked as a model 224, or a Model AR-24, is an "AR Type" firearm, or not.

### Purported Benefits of Consolidation

At the risk of stating the obvious, none of the Plaintiffs in this case asked to be in this Court, this case was filed in their home county in state court, it was the Defendants who removed this case to this Court and affirmatively asked for consolidation. It is unseemly that now, having successfully removed this case and convinced this Court to consolidate same, that Defendant should now complain Plaintiffs wishing to proceed with their two meritorious non-Second Amendment claims somehow interferes with the benefits of the consolidation that Plaintiff did not ask for. Whatever the benefits of consolidation, none of the other cases appear to make this argument.

### Piecemeal Litigation

At the risk of again, stating the obvious, it w.as Defendants in this case that appealed, and requested that Plaintiffs in this case defer the briefing and argument of the non-Second Amendment claims until after the ruling on the Preliminary Injunction. That motion has been ruled upon by this Court.

As Defendant has also noted, granting or denying the subject motion may well be interlocutory appealable, just as the previously injunction in this case. This is true whether the Court should deny or grant the motion on the merits, or whether the Court should deny the

motion to give Defendant months or years to conduct discovery on something they should already know. If done now, the matter may well be resolved before the time to register firearms under the statute is required. If delayed, it may run dead into the registration period of the statute, which would likely result in motions for preliminary injunctions, argument and briefing on same, and frankly much more work.

This is not an auto wreck case where, for instance, a defendant might well need to conduct discovery on a Plaintiff's medical treatment, bill or auto maintenance records, or breach of contract case whether either side needs to know the other sides position. In this case, "AK Type" or "AR Type" or the magazine restrictions are either vague to the point of unconstitutionally, of they are not. Does AK Type mean Alaska Type, for a cold weather firearm, Avtomat Kalashnikov, for a fully automatic firearm designed by a wounded tank mechanic named Kalashnikov, or something else. Either Plaintiff's arguments are factually true, or they are not.

### Waiting Until Close of Discovery to Rule

Plaintiffs would have no problem with waiting until the close of discovery for briefing and ruling on said motion, *if Defendants would agree to stay enforcement of the Statute* until such a ruling on the statute. Otherwise, innocent Illinois citizens will be subject to a statute, risking criminal prosecution and severe penalties, when the entire statute is unconstitutional. It is without doubt that Defendants will not agree to such a stay on enforcement of the statute while they attempt to defend it.

Every day that goes by Illinois citizens are having to *guess* whether a given firearm or magazine is legal, or not. Every day that goes by Plaintiffs get closer and closer to the day that

the Defendant Kelly expects them, and others like them, to potentially incriminate themselves, as explained by the Supreme Court in *U.S. v Haynes* 50 years ago, by registering their firearms with the Illinois State Police, in a database made available to every law enforcement agency in the state.

Defendant does not wish to stay briefing on this motion to conduct discovery. Defendant already knows everything about its own statute, as Defendant wrote and enacted the statute. Rather, Defendant wishes to stay briefing on this motion (and a potential similar one on the Fifth Amendment) as Defendant is terrified that this Court will rule in accord with well established precedent on the topic, and find the statute unconstitutional on, at least, non Second Amendment grounds, as it plainly is.

## CONCLUISON

To that end, this Court should give Defendant two weeks from this date to file its opposition to the motion, and set oral argument on same at the soonest mutually workable date for the parties and the Court.

Dated:  6-12-2023

Respectfully Submitted,
Jeremy Langley, et al

By: s/Thomas G. Maag
Thomas G. Maag
Peter J. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095
618-973-8679
tmaag@maaglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed, using the CM/ECF system, which will send notification to all registered users:

Dated:  6-12-23                                         S/Thomas G. Maag