IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALEB BARNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-209-SPM |
| | ) | |
| KWAME RAOUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DANE HARREL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-141-SPM |
| | ) | |
| KWAME RAOUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEREMY W. LANGLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-192-SPM |
| | ) | |
| BRENDAN KELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF SUMMARY JUDGMENT**

It is acknowledged that under local rules, reply briefs should be sparingly filed. It is not without some degree of irony that this reply brief is filed, as it is not every day that a hired

"expert" for the other side proves a litigants' case. In the pending vagueness motion, Plaintiffs made two major point of vagueness; one of which was that it is objectively impossible to discern a "handgun" magazine from a "rifle" magazine, as many handguns and rifles use magazines that can and are commonly used in the other, and therefore, the difference in magazine capacities *vis a vie* handguns versus long guns is unconstitutionally vague.

Defendant's hired expert, a purported firearms expert, with years of alleged experience with the federal ATF, and elsewhere, and who claimed all sorts of basis for his knowledge of firearms, is apparently not nearly as educated on the subject as one might has assumed based on his listed credentials. To wit, Mr. Yurgealitis states how rare it is for rifles and handguns to share magazines, and that no rifles use any of the "handgun" magazines for any of the long list of handguns he has listed. Mr. Yurgealitis is either ignorant on the topic on which he opines, or he has made objectively false statements. Reality has bitten said opinions on the back side. The fact is that "for nearly every popular semi-automatic handgun there is a rifle that uses the same magazine." (Wilson Affidavit, Ex. H).

For instance, the CZ Model 75 and the Shadow. Accordingly to Mr. Yurgealitis no rifles use these firearms magazines. (Doc. 116-1, p. 5). The Shadow is a version of the CZ 75. (Wilson Affidavit, para 6). They are both made by CZ, and both use the same magazine. Id. The Italian company Tanfoglio has also made CZ 75 type pistols, including the TZ75, imported by FIE of Florida, in the 1980s, which use the same magazine. (Id). Armalite of Illinois also used to import the AR-24 pistol, which used the same CZ75 magazine, as it is basically a CZ75 clone. (Id.). In any event, a. The CZ, Model 75 and the Shadow are variants of the same pistol, use the same magazine, and the magazines are also used in the Kel Tec Sub 2000 Gen 2 rifles. See (Wilson Affidavit, para. 6, and Exhibits thereto. A, B, C.D).

The CZ75 is not Mr. Yurgealitis' only mis-statement on the topic. As far as the Smith and Wesson 5900 Series, the pistol is discontinued, but uses the same magazine as the also discontinue Marline Camp rifle, in 9mm. (Wilson Affidavit, para 6, and exhibit thereto E).

Nor is this the end of his errors. As to the Ruger P85 and P89, they are variants of the same basic pistol, the P89 being a product improved variant of the P85. Both pistols use the same magazine as the Ruger PC9 rifle. (Wilson Affidavit, para. 6, and exhibits thereto F, G).

As to the Springfield Armory XD Series, Mr. Yurgealitis still wrong. The XD is actually a Croatian made pistol, made by HS Produkt, and the magazines it uses are largely interchangeable with the Beretta M92 Series, except that one needs to cut a single notch in the XD magazines to make them work in the M92, or a single notch in a M92 Beretta magazine to make them work in an XD. In fact, during the mid to late 1990s, when new over 10 round magazines were restricted, but existing over 10 round magazines were unrestricted, it was common for owners of XD pistols to obtain surplus M92 magazines and modify them for use in the XD pistol. (Wilson Affidavits, para. 6)

Thus, Mr. Yurgealitis, on behalf of the state, has proven, that not even he, the high priced "expert" witness, with alleged years of firearm experience, can actually tell whether a given magazine will fit a handgun, rifle or both. There are not rare magazines, these are the ones selected by *him* to prove how rare it is that rifles and pistols can share magazines, and yet, despite handpicking certain firearms to prove his employer's point, he is demonstrably objectively wrong and has proven one of the Plaintiffs' points. With respect to him, a *true* firearms expert would likely know of most of these examples off of the top of their head, and it is now the *duty* of the attorneys for the State Defendants to correct this erroneous representation their expert has made in the record, perhaps by simply withdrawing his false claims and affidavit.

On the issue on magazine vagueness rests with just that, the magazines. There is no argument that a person cannot discern a rifle from a pistol, rather, that when a rifle magazine is limited to 10 rounds, and a handgun magazine limited to 15 rounds, the prohibition becomes unconstitutionally vague when not even defendant's expert can with any degree of certainty say that a given magazine fits only handguns, and thus can legally hold 15 rounds. This does not stop a local police officer, from arresting a person with a 15 round Glock style magazine, a prosecutor charging that person with possessing a 15 round Glock style magazine, as it will fit in many rifles, and a jury convicting said owner for possessing a 15 round Glock style magazine, simply because a dozen rifle brands use that same magazine. "We would never do that" is not an adequate guarantee of due process."

It must be again pointed out, there is no ban on putting a 15 round magazine in a rifle, the ban is on possessing a rifle magazine that would hold more than 10 rounds. If it is impossible to differentiate between a "rifle" and a "pistol" magazine, then the ban on differing capacities on them is unconstitutionally vague.

As far as the alleged rarity of the same persons owning a Beretta M92/M9 series pistol and a Beretta CX4 rifle, that flies in the face of common sense, as an owner of one such firearm might well be encouraged to seek out the other, *because* it uses interchangeable. That is the whole point of such interchangeability, convenience. In the matter of the three Plaintiffs herein, each of them owns a M92 style pistol and a CX4 rifle. (Wilson Affidavit, para. 8) This is not a hypothetical situation, it is a rather common one.

And contrary to the suggestion of this purported expert, this kind of thing is not a modern affair. For instance, in the late 1800s Colt chambered its revolvers in many of the same calibers

as Winchester chambered its rifles in, for similar interchangeability, starting with .44 Henry Rimfire.  (See Wilson Affidavit, Ex. H).

As far as semi-automatic belt fed 1919A4 rifles currently in production, contrary to the statement of Mr. Yurgealitis, with the ease of Google, examples are for sale new at Atlantic Firearms, a google.com has revealed at least one other current manufacturer of same. (Wilson Affidavit, Ex I).

As far as the vagueness challenge on the listed firearms, the fact remains, Defendant does not even offer a half handed definition of "AR Type" or "AK Type" or the like.  There is an old expression, "pigs get fat, hogs get slaughtered."  The state got greedy.  Had the state simply stopped at a features test, then it is likely that this vagueness challenge would not be so strong.  Instead, the state went for the broadest ban it could think of, even if it could not define it.  The state is stuck the bill it wrote, unless it wants to repeal it.  The list by model, or type, is so vague nobody can define it.  Are the firearms shown in the attached Wilson affidavit banned as "AR type firearms".  None of them are semiautomatic AR15 model rifles, two are not even semi-automatic.  Are they banned or not?  Nobody reading the statute can truly know.  And that, if nothing else, proves the vagueness.

Finally, severance.  Defendant argues that the provisions regulating magazine capacity and defining assault weapon can be stripped and leave the rest of the statute in tact.  It is not clear just how one would do that.  Most of the statute deals with magazine capacities and defining and regulating / prohibiting "assault weapons"  It is respectfully suggested that the statute itself is so poorly written, that it cannot survive having its heart cut out.  If the Illinois General Assembly, after litigating this case, wishes to try again, nothing but the Constitution

stops them, but this statute should be so thoroughly enjoined that nothing case save the remainder

WHEREFORE, this Court should hold the statute unconstitutionally vague, and enjoin enforcement of same.

Dated:  6-27-2023                                          Respectfully Submitted,
                                                                         Jeremy Langley, et al

                                                                         By:s/Thomas G. Maag
                                                                         Thomas G. Maag
                                                                         Peter J. Maag
                                                                         Maag Law Firm, LLC
                                                                         22 West Lorena Avenue
                                                                         Wood River, IL  62095
                                                                         618-973-8679
                                                                         tmaag@maaglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed, using the CM/ECF system, which will send notification to all registered users:

Dated:  6-27-23                                                          S/Thomas G. Maag