IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALEB BARNETT, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 3:23-cv-209-SPM |
| KWAME RAOUL, et al., | ) ) ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| DANE HARREL, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 3:23-cv-141-SPM |
| KWAME RAOUL, et al., | ) ) ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| JEREMY W. LANGLEY, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 3:23-cv-192-SPM |
| BRENDAN KELLY, et al., | ) ) ) | |
| Defendants. | ) | |

---

**SUPPLEMENTAL REPLY FOLLOWING DEFENDANT'S 10-10-23 FILING**

Defendants, on 10 October 23, filed as supplemental exhibits, two deposition transcripts, and a Second Supplemental Affidavit of their expert.

The crux of their experts Second Supplemental Filing was that for purposes of his opinions, old guns do not count, no matter how common they might be on the U.S. Commercial market.  Thus, under his logic, the Smith and Wesson 5900 Pistol, he himself referenced in a prior affidavit, which per his affidavit, allegedly had no rifles that used the same magazine, should be disregarded, as the Marlin Camp rifle is out of production.  Granted, the Marlin Camp rifle is out of production, but so is the Smith and Wesson 5900 he cited to.

The simple fact of the matter is, it does not matter whether a given firearm, or group of firearms is newly introduced on the market, or is a World War One era relic, as noted in paragraph 8 of Mr. Pulaski's Supplemental Affidavit attached hereto, magazines are wear items, and remain on the market, to be bought and sold, even decades after a given firearm is out of production.  For instance, as noted in paragraph 8 of the attached Pulaski Affidavit, magazines for the German Luger remain in production literally decades as production of the firearms ended.

Magazines are also often stored apart from the firearms in which they are intended to be used.

While Mr. Yurgealitis's Second Supplemental Declaration comments on what a typical consumer might want, as noted in paragraph 13 of the attached Pulaski Affidavit, the average consumer may or may not care that the magazine fits more than one kind of firearm, but the PICA statute does, and as noted in paragraph 15 of the Pulaski affidavit attached, whether a given firearm is new, old, currently in production, or a rare collector's item, bears no effect on the question, as all such firearms are on the U.S. commercial market today, as are their magazines.

As noted on page 149 of the Pulaski deposition,

·7· · · · · ·Q· · If someone were to just randomly hand you a

·8· ·13-round magazine in a given caliber, pick the caliber, it

·9· ·really doesn't matter, and asked you whether or not that

10· ·magazine was legal in the State of Illinois, without

11· ·knowing more, could you answer that question under PICA?

12· · · · · ·A· · No.

13· · · · · ·Q· · Why not?

14· · · · · ·A· · Because pistol -- a pistol or rifle magazine

15· ·could fit either potentially.

As far as the vagueness challenge on the listed firearms, the fact remains, Defendant does not, even through his expert's Second Supplemental statement, offer even a half handed definition of "AR Type" or "AK Type" or the like.  As far as receivers on which they might be built, but for the named/copycat gun section, it would be possible to build either a legal or an illegal gun, on the same receiver. (Pulaski depo, p. 153-154).  These receivers are usually not marked in a way that would reveal a given gun as such a copycat.  (See Pulaski Depo, p 151, lines 11-16).  Even similar receivers do not necessarily accept the same parts.  (Pulaski Depo, p. 155-156).  Without some objective definition, the ban is undecipherable, as other courts have held for similar bans.

As noted in the Pulaski deposition, there are identifiable differences in just the receivers of what might be AR15 type firearms.  (Pulaski Depo, p. 152, lines 17-19., P. 153, lines 15-19) As noted in the record generally, there is nothing in the statute to identify how much of a change is enough.  As noted, the M1 Garand of World War II fame, and the AK47 use the same basic design of bolt and gas system.  (Pulaski Depo, p. 136-137).  Is that enough of a change under PICA to not be prohibited?  The statute does not say.

WHEREFORE, this Court should hold the statute unconstitutionally vague, and enjoin enforcement of same.

Dated: 10-17-2023                                    Respectfully Submitted,
                                                     Jeremy Langley, et al

                                                     By:s/Thomas G. Maag
                                                     Thomas G. Maag
                                                     Peter J. Maag
                                                     Maag Law Firm, LLC
                                                     22 West Lorena Avenue
                                                     Wood River, IL  62095
                                                     618-973-8679
                                                     tmaag@maaglaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed, using the CM/ECF system, which will send notification to all registered users:

Dated: 10-17-23                                      S/Thomas G. Maag