IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-209-SPM<br>\*\* designated Lead Case |
| DANE HARREL, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>    Plaintiffs,<br>        vs.<br>BRENDAN KELLY, *et al.*,<br>    Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS, *et al.*,<br>    Plaintiffs,<br>        vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>    Defendants. | Case No.  3:23-cv-215-SPM |

**STATE DEFENDANTS' RULE 12(B)(6) MOTION TO
DISMISS *FFL* PLAINTIFFS' DUE PROCESS CLAIMS**

Pursuant to Rule 12(b)(6), the defendants in *Federal Firearms Licensees of Illinois v. Pritzker*, No. 3:23-cv-215 ("*FFL*")—Governor JB Pritzker, Attorney General Kwame Raoul, and Director of the Illinois State Police ("ISP") Brendan Kelly ("State Defendants")—respectfully move this Court to dismiss two claims raised in the amended complaint recently filed in the *FFL* action.

1.      On November 2, 2023, the *FFL* plaintiffs filed an Amended Complaint for Declaratory, Injunctive, and Other Relief ("Amended Complaint"). *FFL* ECF 55 ("Am. Compl.").

1

2.     The Amended Complaint asserts that the Protect Illinois Communities Act, Public Act No. 102-1116 (the "Act"), unconstitutionally infringes on plaintiffs' rights and seeks relief against the State Defendants based on three claims: (i) a Second Amendment claim against the State Defendants regarding the Act's restrictions on assault weapons and accessories, Am. Compl. ¶¶ 33-174, 199-205; (ii) a Fourteenth Amendment Due Process Clause claim due to allegedly inadequate notice about the process for qualifying for an exemption allowing possession of "grandfathered" assault weapons, *id*. ¶¶ 175-183, 199, 204 ¶ J; and (iii) a Fourteenth Amendment Due Process Clause claim due to alleged vagueness in how the Act and its implementing regulations define assault weapons, *id*. ¶¶ 175, 184-199, 204 ¶ J.

3.     The State Defendants hereby request dismissal of the latter two of these three claims—*i.e.*, both due process claims—for failure to state a claim upon which relief can be granted.

4.     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must accept as true the well-pleaded factual allegations in the complaint, the Court need not credit legal conclusions, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

5.     Plaintiffs' inadequate notice claim fails as a matter of law for the reasons explained in the State Defendants' accompanying consolidated brief in Argument I.A, Section 2. Even if all of plaintiffs' factual allegations were taken as true, they have not stated a plausible claim that the Act and its regulations provided insufficient notice of the possession restrictions and exemption process for grandfathered assault weapons. Plaintiffs have therefore failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

6. Plaintiffs' vagueness allegations fail to state a plausible claim too, for the reasons explained in the State Defendants' accompanying consolidated brief in Argument I.B. In considering this motion to dismiss, the Court need not credit plaintiffs' legal conclusions in the complaint that certain terms are unconstitutionally vague. *See Iqbal*, 556 U.S. at 678. As a matter of law, the Act's definition of "assault weapon" and the related statutory terms plaintiffs challenge are not unconstitutionally vague.

For the foregoing reasons and those in the accompanying consolidated brief, the State Defendants request the Court enter an order granting this motion and dismissing the *FFL* plaintiffs' two Fourteenth Amendment Due Process Clause claims in their Amended Complaint for Declaratory, Injunctive, and Other Relief (*FFL* ECF 55).

Date: December 1, 2023                                   Respectfully submitted,

                                                         KWAME RAOUL
                                                         *Attorney General of Illinois*

                                                         /s/ Christopher G. Wells

                                                         Christopher G. Wells
                                                         Kathryn Hunt Muse
                                                         Darren B. Kinkead
                                                         Rebekah Newman
                                                         Illinois Attorney General's Office
                                                         100 W. Randolph Street
                                                         Chicago, IL 60601
                                                         (312) 814-3000

                                                         *Counsel for Governor Pritzker,*
                                                         *Attorney General Raoul, and*
                                                         *ISP Director Kelly*

## CERTIFICATE OF SERVICE

I certify that on December 1, 2023, I caused a copy of the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: /s/Christopher G. Wells

Christopher G. Wells
Division Chief, Public Interest Division
Illinois Attorney General's Office
100 W. Randolph Street
Chicago, IL 60601
(312) 814-3000

*Counsel for the State Defendants*