IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-209-SPM (Lead Case) |
| DANE HARREL, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>BRENDAN KELLY, *et al.*,<br>    Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS<br>LICENSEES OF ILLINOIS, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>JAY ROBERT "J.B." PRITZKER, *et al.*,<br>    Defendants. | Case No.  3:23-cv-215-SPM |

# **MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Partial Summary Judgment on Counts IV & VI filed by plaintiffs Jeremy W. Langley, Timothy B. Jones, and Matthew Wilson (collectively the "*Langley* Plaintiffs") pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 111). Defendant Brendan Kelly, the Director of the Illinois State Police ("ISP") filed a Response to which the *Langley* Plaintiffs filed a Reply. (*See* Docs. 116–18). Director Kelly filed an extensive Motion to Supplement his Response containing over 450 pages of deposition testimony and additional exhibits. (Doc. 124). The *Langley* Plaintiffs filed a Response to this Supplement. (Doc. 129). Having been fully informed of the issues presented, this Court **DENIES** the *Langley* Plaintiffs' Motion for Partial Summary Judgment arguing that the Protect Illinois Communities Act, Ill. Pub. Act 102-1116 § 1 (codified at 720 ILL. COMP. STAT. 5/24-1.9–1.10) [hereinafter PICA] is facially unconstitutional on vagueness grounds.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Within months of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, Illinois passed PICA. *See* 142 S. Ct. 2111 (2022). Caleb Barnett, Brian Norman, Hoods Guns & More, Pro Gun and Indoor Range, and National Shooting Sports Foundation, Inc. (collectively the "*Barnett* Plaintiffs"), the *Langley* Plaintiffs, and various other citizen firearm owners, firearm retail establishments, and firearms advocacy organizations commenced four separate actions[1] against various Illinois government actors in pursuit of declaratory judgment

---

[1] This Court consolidated the following four cases for purposes of discovery and injunctive relief: *Harrel v. Raoul*, 23-cv-00141-SPM; *Langley v. Kelly*, 23-cv-00192-SPM; *Barnett v. Raoul*, 23-cv-00209-SPM;

that PICA is unconstitutional. Their argument is that, inter alia, under the Second and Fourteenth Amendments, PICA is unconstitutional because of the precedent established in *Bruen*. *See* 142 S. Ct. 2111 (2022); *see also McDonald v. City of Chicago*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Plaintiffs sought preliminary injunctions to enjoin the enforcement of PICA in each of the four cases[2] which were granted by this Court in *Barnett* on April 28, 2023. (Doc. 101). The Defendants appealed to the Seventh Circuit on the same day. (*See* Doc. 102). Oral arguments were held on June 29, 2023 and an opinion vacating the preliminary injunction was issued on November 3, 2023. *See Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. Nov. 3, 2023). As of this date, this Court has not received a mandate from the Seventh Circuit in relation to the *Barnett* case. Various *Bevis* Plaintiffs (including the *Barnett* and *Langley* Plaintiffs) filed petitions for rehearing by the same panel and rehearing en banc, *see Bevis*, (Docs. 129, 139), which were denied by the Seventh Circuit on December 11, 2023. *See Bevis*, (Docs. 146, 147). Two *Bevis* plaintiffs (the National Association for Gun Rights and one of the local gun stores) have filed an application with the Supreme Court—Justice Amy Coney Barrett directed the Government to respond by December 6, 2023. *See Nat'l Ass'n for Gun Rts. v. City of Naperville*, No. 23A486 (filed Nov. 27, 2023). As of yet, Justice Barrett has not issued a ruling. *See id.*

---

and *Fed. Firearms Licensees of Ill. v. Pritzker*, 23-cv-00215-SPM. *Barnett* was designated as the lead case. (*See* Doc. 32).

[2] *See Harrel*, 23-cv-00141-SPM (Doc. 16); *Langley*, 23-cv-00192-SPM (Doc. 6); *Barnett*, 23-cv-00209-SPM (Doc. 10); and *Fed. Firearms Licensees of Ill.*, 23-cv-00215-SPM (Doc. 28).

The *Langley* Plaintiffs filed the instant Motion for Partial Summary Judgment on May 29, 2023. (Doc. 111). Notably, neither the *Barnett* Plaintiffs nor any of the other Plaintiffs in the other two cases joined the instant Motion. The pending Motion concerns two counts in the *Langley* Plaintiffs' original Complaint, specifically those alleging that specific provisions of statute in question are unconstitutionally vague. (*See* Doc. 111; *see also Langley*, 23-cv-00192-SPM (Doc. 1)). The *Langley* Plaintiffs argue that these purportedly vague provisions are sufficient to render PICA void in its entirety, thus permitting a facial challenge. (*See* Doc. 111, pp. 20–21). Conversely, Director Kelly argues that the statute is not unconstitutionally vague, that the *Langley* Plaintiffs failed to meet their burden under the rigorous standards required for a facial challenge of constitutionality, and that, even if the challenged portions were ruled unconstitutional, those provisions should be severed from the whole because of the Illinois "Statute on Statutes." (*See* Doc. 116, pp. 21–22 (quoting 5 ILL. COMP. STAT. 70/1.31)). Oral arguments on the pending Motion were held before this Court on October 11, 2023. (Doc. 125).

### APPLICABLE LAW AND LEGAL STANDARDS

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue

of fact for trial. Fed. R. Civ. P. 56(e); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Stated another way, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) *(*citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, no issue remains for trial if "sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640–41 (7th Cir. 2008) (quoting *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)). The non-movant cannot simply rely on its pleadings; the non-movant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.,* 998 F.2d 391, 394 (7th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994); *Celotex*, 477 U.S. at 323–24).

As noted, because the *Langley* Plaintiffs have advanced a facial challenge to PICA, this is a question of law before the Court. That being said, they have submitted their facial challenge as a Motion for Summary Judgment, which means that the

default standard in accordance with Federal Rule of Civil Procedure 56(a) applies. *See* discussion *supra*.

## ANALYSIS

"Whether invalid provisions in a state law can be severed from the whole to preserve the rest is a question of state law." *Burlington N. & Santa Fe Ry. Co. v. Doyle*, 186 F.3d 790, 804 (7th Cir. 1999) (citing *Leavitt v. Jane L.*, 116 S. Ct. 2068, 2069 (1996); *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 506 (1985)). However, "[i]n a facial challenge, *lex ipsa loquitur*: the law speaks for itself." *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) (quoting Nicholas Quinn Rosenkranz, *The Subjects of the Constitution*, 62 STAN. L. REV. 1209, 1238 (2010)). This means that, "[o]nce standing is established," the Court must weigh "the applicable constitutional doctrine without reference to the facts or circumstances of particular applications." *Id.* at 697–98 (quoting David L. Franklin, *Facial Challenges, Legislative Purpose, and the Commerce Clause*, 92 IOWA L. REV. 41, 58 (2006)). A "facial challenge directs the judicial scrutiny to the terms of the statute itself, and demonstrates that those terms, measured against the relevant constitutional doctrine, and independent of particular applications, contains a constitutional infirmity that invalidates the statute in its entirety." *Id.* at 698 (quoting Mark E. Isserles, *Overcoming Overbreadth: Facial Challenges and the Valid Rule Requirement*, 48 AM. U. L. REV. 359, 387 (1998)).

Turning to the analysis of the issues at hand, it is unconstitutional to deprive an individual of "life, liberty, or property, without due process of law." U.S. CONST. amend V. The Fourteenth Amendment has been held to apply the Fifth Amendment's

protections for individuals against state governments. *See, e.g., Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) ("[A] provision of the Bill of Rights which is 'fundamental and essential to a fair trial' is made obligatory upon the States by the Fourteenth Amendment."); *see also* U.S. CONST. amend XIV. "The Supreme Court has long held that overly vague laws are unconstitutional under the Due Process Clause of the Fifth and Fourteenth Amendments." *Planned Parenthood of Ind. & Ky., Inc. v. Marion Cnty. Prosecutor*, 7 F.4th 594, 598 (7th Cir. 2021) (citing *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926)). If a criminal law is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement," it fails the constitutional test. *Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)). "A statute that does not provide 'fair notice' of what 'conduct is forbidden' or 'is so indefinite that it encourages arbitrary and erratic arrests and convictions' is deemed void for vagueness." *United States v. Sylla*, 790 F.3d 772, 774 (7th Cir. 2015) (citing *Colautti v. Franklin*, 439 U.S. 379, 390 (1979), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022)).

Additionally, the Supreme Court has made it clear that facial challenges are "disfavored for several reasons." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). First, "[c]laims of facial invalidity often rest on speculation. As a consequence, they raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.'" *Id.* (quoting *Sabri v. United States*, 541 U.S. 600, 609 (2004)). Second, they "run contrary to the fundamental principle of judicial

restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" *Id.* (quoting *Ashwander v. TVA*, 297 U.S. 288, 346–347 (1936) (Brandeis, J., concurring)). Third, "facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution. We must keep in mind that '[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'" *Id.* at 451 (quoting *Ayotte v. Planned Parenthood of N. New Eng.*, 546 U.S. 320, 329 (2006)). Overall, "[e]xercising judicial restraint in a facial challenge 'frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in areas where their constitutional application might be cloudy.'" *Id.* at 450 (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)).

The *Langley* Plaintiffs' argument focuses specifically on the portions of PICA (1) prohibiting knowing possession of specific ammunition-feeding devices *(e.g.*, those detachable magazines housing more than ten rounds for rifles or fifteen rounds for handguns, *see, e.g.*, PICA at 5/24-1.10(a)) and (2) prohibiting knowing possession of certain types of rifles including copies, duplicates, variants, or "altered facsimiles with the capability" (*see, e.g.*, PICA at 5/24-1.9(a)(1)(J)) of named assault weapons (specifically those provisions relating to "AR-type" and "AK-type" assault weapons, *see* PICA at 5/24-1.9(a)(1)(J)(ii), (a)(1)(K)(i)).[3] (*See* Doc. 111). They argue emphatically

---

[3] Given that the *Langley* Plaintiffs apply the same arguments against both the ammunition-feeding devices and the "copycat" weapons provision, this Court addresses both simultaneously here.

that these provisions "are so vague and ambiguous and [sic] to be indecipherable not just by lay persons, but even by experts." (Doc. 111, p. 3). Director Kelly counters that these prohibitions are not vague, and, even if they are, any vagueness challenge is defeated by the fact that the ISP publishes a list of prohibited firearms. (*See* Doc. 116, pp. 18–21).

The *Langley* Plaintiffs argue that the Act's ten-round capacity restriction for rifle magazines and fifteen-round restriction for pistol magazines (*see id.*, pp. 8–12) is ambiguous because there exist some pistols and rifles that use identical magazines—the *Langley* Plaintiffs specifically cite the 9mm Beretta M9/92 pistol and Beretta CX4 carbine as examples. (*See id.*, pp. 8–9). They also argue that such weapons with interchangeable magazines are ubiquitous. (*See* Doc 111, pp. 8–12; Doc. 129, pp. 2–3).

Additionally, the *Langley* Plaintiffs provide numerous examples of weapons that they argue do not fit into the AR or AK category, which they claim infuses impermissible vagueness into the statute. (*See id.*, pp. 13–19). In their oral argument, the *Langley* Plaintiffs argued that it was impossible to determine exactly when an AR-type weapon ceases to be an AR-type weapons for purposes of sale—in other words, a person of average intelligence and experience would be wholly unable to determine which features must be eliminated or altered in order to render an otherwise impermissible AR-15 legal under the statute. (*See* Doc. 125).

The *Langley* Plaintiffs rely heavily on *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250 (6th Cir. 1994), a case in which the Sixth Circuit struck down

a municipal firearm ordinance that "define[d] 'assault weapon' as any one of thirty-four specific rifles, three specific shotguns and nine specific pistols, or '[o]ther models by the same manufacturer with the same action design that have slight modifications or enhancements.'" *Id.* at 251. The *Langley* Plaintiffs argue that this persuasive authority indicates that PICA is vis-à-vis unconstitutionally vague for the same reasons and urge this Court to adopt the same holding. (*See* Doc. 111, p. 20; *see also* Doc. 125).

*Springfield Armory* is distinguishable from the instant matter. The City of Columbus's ordinance defined "assault weapon" via "brand name and model, not generically or by defined categories." *Springfield Armory*, 29 F.3d at 251. As the Sixth Circuit stated, "[t]he Columbus ordinance outlaws assault weapons only by outlawing *certain brand names* without including within the prohibition similar assault weapons of the same *type, function or capability*." *Id.* at 252 (emphasis added). While the *Langley* Plaintiffs would undoubtedly argue that "AR-type" refers to the manufacturer (ArmaLite) and not a specific type of weapon, Illinois defines "assault weapon" in the statute, *see* PICA at 5/24-1.9(a)(1), in addition to including a list of prohibited weapons. (*See* Doc. 116, p. 21). Moreover, the Sixth Circuit explicitly provides guidance to the City of Columbus on how the ordinance could be reworked to pass constitutional muster:

> These vagueness problems are not difficult to remedy. The subject matter does allow for more exactness. It is not a case in which greater specificity would interfere with practical administration. *See Kolender*, 461 U.S. at 361. To the contrary, Columbus has many options for effectively pursuing its stated goals without running afoul of due process. Other gun control laws which seek to outlaw assault weapons

> provide a general definition of the type of weapon banned, and the Columbus city council can do the same. *See, e.g.*, Cleveland Ordinance No. 415–89 § 628.02 (banning semi-automatic rifles and pistols that accept a detachable magazine with capacity of 20 rounds or more and semi-automatic shotguns with a magazine capacity of more than 6 rounds); H.R. 4296[,] 103rd Cong., 2nd Sess., § 2 (1994) (banning semi-automatic rifles, pistols and shotguns that can accept magazines of more than five rounds and that have at least two of a number of listed features).

*Springfield Armory* at 253. *Springfield Armory* does not help the *Langley* Plaintiffs, as the Illinois Legislature adopted *exactly* the method that the Sixth Circuit recommended when drafting PICA. *See* PICA at 5/24-1.9. Unlike the ordinance at issue in *Springfield Armory*, PICA provides a definition of the types of weapons banned and lists examples of the types of weapons banned. *See id.*

The Sixth Circuit later addressed the City of Columbus's revised ordinance and once more struck down its definition of "assault weapon." *See Peoples Rts. Org., Inc. v. City of Columbus*, 152 F.3d 522, 535–36 (6th Cir. 1998). The City of Columbus implemented a revised definition for assault weapons that included a more expansive standard. *See id.* at 535. The Sixth Circuit affirmed the District Court's determination that the statute was unconstitutionally vague because of an inadequate scienter requirement. *See id.* at 535–36. In essence, the ordinance criminalizes "knowledge of the recklessness standard," which the Sixth Circuit found imposed strict liability. *Id.* at 535. The City of Columbus argued that:

> One does not have to know that somewhere on this planet there may exist a detachable magazine which might fit the weapon in question to make it an assault weapon but one does have to have some knowledge that there exist detachable magazines which fit the weapon in question in order to have violated the ban on assault weapons.

*Id.* The Sixth Circuit struck this down[4] as a "trap for the unwary." *Id.* This mens rea requirement purported to criminalize mere "knowledge of the recklessness standard" that a weapon can accommodate a prohibited magazine. *Id.* PICA criminalizes *knowing possession* of prohibited magazines, not knowledge that there exist prohibited magazines that *could* fit their arms. *See, e.g.*, PICA at 5/24-1.10(b). *Peoples Rights Organization* is thus also distinguishable from the present facts. These are twenty-five to thirty-year-old cases that have provided a blueprint for municipalities and states to draft more comprehensive firearms bans. They do not provide support for the *Langley* Plaintiffs' facial challenge.

Additionally, "the Supreme Court has repeatedly held that imposing an intent requirement on an otherwise vague statute could save a law from a finding of impermissible vagueness." *Planned Parenthood of Ind. & Ky.*, 7 F.4th at 601–02 (quoting *Whatley v. Zatecky*, 833 F.3d 762, 780 (7th Cir. 2016)) (citing *Gonzales v. Carhart*, 550 U.S. 124, 149 (2007) ("The Court has made clear that scienter requirements alleviate vagueness concerns."); *City of Chicago v. Morales*, 527 U.S. 41, 55 (1999) ("[I]t is clear that the vagueness of this enactment makes a facial challenge appropriate. . . . [The law at issue] is a criminal law that contains no mens rea requirement . . . ."); *Colautti v. Franklin*, 439 U.S. 379, 395 (1979) (the Supreme Court "has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea."),

---

[4] There was not any additional litigation regarding the assault weapons provision of the City of Columbus's municipal code after this decision in 1998. The assault weapons provision in question was later repealed by Ord. No. 1468-2011, § 2, adopted September 26, 2011.

*abrogated on other grounds by Dobbs*, 142 S. Ct. at 2228; *Duhe v. City of Little Rock*, 902 F.3d 858, 864 (8th Cir. 2018) (disorderly conduct statute not void for vagueness because it contained a mens rea requirement); *United States v. Nieves-Castano*, 480 F.3d 597, 603 (1st Cir. 2007) ("[The] scienter requirement ameliorates any vagueness concerns.")). Thus, while not dispositive, the presence of a scienter or mens rea requirement parries the primary thrust of a vagueness challenge.

PICA contains one of the four explicit Model Penal Code mental states: "knowingly." *See* PICA, 720 ILL. COMP. STAT. 5/24-1.9(b)–(c), 1.10(b)–(c), (g); *see also* MODEL PENAL CODE § 2.02(b) (AM. L. INST. 2022). The *Langley* Plaintiffs argue that PICA criminalizes mere *possession* of prohibited items[5] and point to *Staples v. United States*, 511 U.S. 600 (1994), as establishing the mens rea requirement that applies here. *See id.* at 619 ("Thus, to obtain a conviction, the Government should have been required to prove that petitioner knew of the features of his AR–15 that brought it within the scope of the Act."). This may be so, but their argument does not negate the fact that, unlike the National Firearms Act at issue in *Staples*, *see* 26 U.S.C. § 5861(d), PICA *does* contain an explicit mens rea requirement that requires the Government to prove that the accused "knowingly" possessed a prohibited firearm or ammunition-feeding device. *See* PICA, 720 ILL. COMP. STAT. 5/24-1.9(b)–(c), 1.10(b)–(c), (g). This also surmounts the hurdle discussed in *Peoples Rights Organization* in that the mens

---

[5] The *Langley* Plaintiffs' pending Motion for Partial Summary Judgment claims that PICA "prohibits possession of a 'long gun' magazine of over 10 rounds, period, and possession of a handgun magazine of over 15 rounds, period." (Doc. 111, p. 10 (emphasis and underlining in original)). As this Court explains, PICA's use of a mens rea requirement defeats this argument.

Page **13** of **17**

rea requirement in PICA is more than mere knowledge that certain magazines exist. *See Peoples Rights Organization*, 152 F.3d at 535–36; *see* discussion *supra*.

Director Kelly argues that "the mere existence of a small number of interchangeable magazines does not leave the public hopelessly incapable of discerning what the Act requires." (Doc. 116, p. 4). He asserts that the number of off the shelf weapons with interchangeable magazines is much smaller than what the *Langley* Plaintiffs claim and that their claims are "exaggerated and irrelevant." (Doc. 124, pp. 8–11; *see* Doc. 116, pp. 10–13). He also argues that the definition at issue is not that of "AR-type" or "AK-type," but that of an "assault weapon" more generally. (*See* Doc. 116, pp. 20–21). Additionally, Director Kelly argues that ISP's duty to publish an annual list of prohibited firearms further clarifies which weapons are proscribed. (*See id.*, p. 21). Finally, he argues that the *Langley* Plaintiffs' use of hypotheticals is forbidden in a facial challenge for vagueness, stating that "concoct[ing] a scenario where any uncertainty about the 10-versus-15-round threshold could arise requires Plaintiffs to 'speculate about "hypothetical" or "imaginary" cases'—which is not appropriate for a facial challenge." (*Id.*, p. 12 (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008)); *see also* Doc. 125).

The Supreme Court has been clear that its "*holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp," *Johnson v. United States*, 576 U.S. 591, 602 (2015) (emphasis in original). Thus, the fact that the statute has *some* valid

provisions is not sufficient to defeat a facial challenge on vagueness.[6] With this in mind, "to survive this [pre-enforcement] facial challenge, [the] Defendants must only demonstrate that the Statute has a discernable core." *Planned Parenthood of Ind. & Ky.*, 7 F.4th at 605. While the "enforcement of [a] Statute will inevitably present many uncertainties at the margins," the Seventh Circuit has said that "the resolution of those 'edge questions' arising from the enforcement of a state law is a 'principal role of the [state's] courts.'" *Id.* (citing *Trs. of Ind. Univ. v. Curry*, 918 F.3d 537, 541 (7th Cir. 2019); see *Curry* at 541 ("Plaintiffs want us to deem the law vague by identifying situations in which state officials *might* take an untenably broad reading of the [language], and then predicting that they *will* do so. It is far preferable, however, and more respectful of our judicial colleagues . . . , to assume that they will act sensibly and resolve the open questions in a way that honors candidates' rights under the first amendment." (quoting *Bauer v. Shepard*, 620 F.3d 704, 716 (7th Cir. 2010) (emphasis in original))).

The fact that there exist pistols and rifles with interchangeable magazines does not mortally wound PICA; rather, this is clearly a so-called "edge question."[7] *See Planned Parenthood of Ind. & Ky.* at 605. (*See* Doc. 111, pp. 8–10; Doc. 116, pp. 10–13). The fact that the *Langley* Plaintiffs' experts indicated that six of the forty-three

---

[6] The Seventh Circuit has noted that the statement in *Johnson* is based on two as-applied challenges. *See Johnson*, 576 U.S. at 602–03 (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921); *Coates v. City of Cincinnati*, 402 U.S. 611 (1971)).
[7] This is regardless of the alleged number of these weapons alleged to be in circulation. The *Langley* Plaintiffs argue that because there are "hundreds of millions of out of production firearms in the United States today" and "[m]agazines are a wear item" (meaning that they are subject to wear-and-tear from use), that this means that gun collectors will be unsure which replacement magazines are legal for their firearms. (Doc. 129-1, p. 2). This is still an "edge question." *See Planned Parenthood of Ind. & Ky.* at 605.

AR-type weapons explicitly cited by the statute are not substantially similar to the AR-15 is not, by itself, enough to make the statute unconstitutionally vague. Again, this is another "edge question." (*See* Doc. 124, pp. 13–15). The *Langley* Plaintiffs' own experts demonstrated at depositions that they understood there to be a discernible core to PICA and that they could advise their customers on which magazines were PICA-compliant. (*See id.*, pp. 5–7, 11–15). Thus, the matter of enforcement is better address in an as-applied challenge.

Moreover, the *Langley* Plaintiffs asserted at oral argument that the Illinois Legislature could make the spring from a ballpoint pen illegal because it is nearly identical to the spring in an AR-15 buffer. (*See* Doc. 125). Nowhere in PICA are springs (or screws or bolts, for that matter) criminalized. *See* PICA. While this tactic of absurd reduction may be more apropos in an as-applied challenge for vagueness, this use of "'hypothetical' or 'imaginary' cases" is inadequate and insufficient in the instant facial challenge on vagueness grounds. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008).

Therefore, the *Langley* Plaintiffs' facial challenge has not met constitutional muster. Because of the inadequacy of their challenge, this Court does not reach the question of severability and whether or not the Illinois "Statute on Statutes" will save valid portions of PICA. (*See* Doc. 116, pp. 21–22 (quoting 5 ILL. COMP. STAT. 70/1.31)).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the *Langley* Plaintiffs' Motion for Partial Summary Judgment (Doc. 111) as they have failed to meet their burden to prove that the specified provisions of PICA's text are unconstitutional because of facial vagueness. There are a number of outstanding legal challenges to various parts of PICA and the larger statutory scheme. By this Order, the Court does not address any arguments suggesting that there may be other viable challenges to PICA, to the ISP-enforced registration requirement, or to any other part of the statutory scheme, including on an as-applied basis or under any other constitutional bases.

**IT IS SO ORDERED.**

**DATED: December 14, 2023**

> **/s/ Stephen P. McGlynn**
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**