# Cook County Board Bans Assault Weapons, Toughens Penalties

## News Rooms

Press Room (/pressroom)



## Related Agencies

Office of the President (/agency/office-president)

Wed, 07/17/2013 - 12:00 Public Safety and Jails (/news-categories/public-safety-and-jails)

The Cook County Board of Commissioners today approved changes to the county's assault weapons ban and toughened penalties for violations of the ordinance. Cook County Board President Toni Preckwinkle, Commissioner Jesus G. "Chuy" Garcia (D-7th) and Commissioner Larry Suffredin (D-13th) sponsored amendments to the "Blair Holt Assault Weapons Ban," named for the son of a Chicago police officer who was killed in a 2007 shooting while protecting a high school classmate. The changes update, define and expand various categories of assault weapons whose sale, possession or ownership are banned in Cook County. The amended ordinance sets out in great detail the specific weapons that are covered by the ban. The County Board's action follows recent approval of the state's concealed carry law, which gives local governments a deadline by which they need to address changes in their own ordinances governing possession of guns. "We must do what we can to stem the tide of gun violence and keep weapons with high levels of destructive capability out of circulation," President Preckwinkle said. "This amended ordinance recognizes the challenges we face in Cook County and puts in place responsible and meaningful laws aimed at protecting our residents and law enforcement officers." The amended assault weapons ordinance will increase penalties for violators of its provisions. Any person found in violation shall be subject to a fine of between $1,000 and $5,000. The previous fines ranged from $500 to $1,000. A subsequent violation of the ordinance could bring a fine of up to $10,000. Individuals found in violation may still be sentenced for a jail term of up to six months. The ordinance exempts any firearm that has been made permanently inoperable or is an "antique firearm," or weapons designed specifically for Olympic target



shooting events. The assault weapons ban applies to all municipalities in Cook County unless a municipality has its own law on the books. In a separate action, the Board also approved an ordinance proposed by President Preckwinkle and Commissioner Garcia that establishes guidelines and penalties concerning access to firearms and ammunition by minors. The "Protection of Minors" ordinance prohibits the sale or transfer of any firearm or ammunition to a minor, defined in the ordinance as any person under the age of 21. It further sets specific rules that firearms owners must follow to secure weapons and prevent access to those weapons by minors, such as storing them in locked containers separate from ammunition or equipping them with trigger locks. "Today's headlines are filled with stories of homicides and suicides of young people, as well as children accidently shooting themselves or a sibling," Garcia said. "It is our responsibility to ensure he most vulnerable in our society are safe. As an elected official I am sworn to protect them. The passing of the "Protection of Minors Ordinance" is yet another step in my strategy to develop a comprehensive public safety and anti-violence action agenda in Cook County." Penalties for violating the ordinance include a mandatory fine of $1,000 for the first offense and a fine of up to $2,000 for each repeat offense. The ordinance includes a provision that exempts access and use of a firearm by a minor in a lawful act of self-defense, in the defense of another person, or if a minor gains access to a firearm through unlawful entry. Also exempted are law enforcement officers and members of the armed forces or National Guard while engaged in their official duties. "This is a common sense approach to making sure children do not have unrestricted access to weapons and will hopefully prevent the kinds of incidents we hear about all too often, where youngsters find loaded weapons with tragic results," President Preckwinkle said. Both ordinances go into effect immediately.

*Footnotes:*

*--- (**20**) ---*

***Editor's note—** Section 4 of Ord. No. 22-099 , adopted August 16, 2022, states the following: "SECTION 4: Effective date and Pre-existing purchasers. This Ordinance shall take effect on January 1, 2023, (the "Effective Date"), except as follows: Any person that can demonstrate to the satisfaction of the City Attorney that the Commercial Sale of an Assault Rifle was completed prior to the Effective Date of January 1, 2023, which means that prior to January 1, 2023, the purchaser completed an application, passed a background check, and has a receipt or purchase order for said purchase, without regard to whether the purchaser has actual physical possession of the Assault Rifle, shall be considered a pre-existing purchaser. For said pre-existing purchaser, the delivery of physical possession of the Assault Rifle may be completed, even if such activity would otherwise be in violation of the new provisions of Chapter 19 (Regulation of the Commercial Sale of Assault Rifles) of Title 3 (Business and License Regulations). Notwithstanding the foregoing, if physical possession of the Assault Rifle will not occur until more than sixty (60) days following the Effective Date of this Ordinance, that person is not a pre-existing purchaser and said purchase shall constitute a violation of the provisions of this Chapter."*

## 3-19-1: - DEFINITIONS:

The following words and phrases shall, for the purposes of this Chapter, have the meaning ascribed to them by this Section, as follows:

| ASSAULT RIFLE: | Means any of the following, regardless of country of manufacture or caliber of ammunition accepted: |
| --- | --- |
| | (1) A semiautomatic rifle that has a magazine that is not a fixed magazine and has any of the following:<br>(A) A pistol grip.<br>(B) A forward grip.<br>(C) A folding, telescoping, or detachable stock, or is otherwise foldable or adjustable in a manner that operates to reduce the length, size, or any other dimension, or otherwise enhances the concealability, of the weapon.<br>(D) A grenade launcher.<br>(E) A barrel shroud.<br>(F) A threaded barrel. |

| | |
|---|---|
| | (2) A semiautomatic rifle that has a fixed magazine with the capacity to accept more than ten (10) rounds, except for an attached tubular device designed to accept, and capable of operating only with, .22 caliber rimfire ammunition. |
| | (3) Any part, combination of parts, component, device, attachment, or accessory that is designed or functions to accelerate the rate of fire of a semiautomatic rifle but not convert the semiautomatic rifle into a machinegun. |
| | (4) All of the following rifles, copies, duplicates, variants, or altered facsimiles with the capability of any such weapon thereof: |
| | (A) All AK types, including, but not limited to, the following:<br>(i) AK, AK47, AK47S, AK-74, AKM, AKS, ARM, MAK90, MISR, NHM90, NHM91, Rock River Arms LAR-47, SA85, SA93, Vector Arms AK-47, VEPR, WASR-10, and WUM.<br>(ii) IZHMASH Saiga AK.<br>(iii) MAADI AK47 and ARM.<br>(iv) Norinco 56S, 56S2, 84S, and 86S.<br>(v) Poly Technologies AK47 and AKS.<br>(vi) SKS with a detachable magazine. |

(B) All AR types, including, but not limited to, the following:

(i) AR-10.

(ii) AR-15.

(iii) Alexander Arms Overmatch Plus 16.

(iv) Armalite M15 22LR Carbine.

(v) Armalite M15-T.

(vi) Barrett REC7.

(vii) Beretta AR-70.

(viii) Black Rain Ordnance Recon Scout.

(ix) Bushmaster ACR.

(x) Bushmaster Carbon 15.

(xi) Bushmaster MOE series.

(xii) Bushmaster XM15.

(xiii) Chiappa Firearms MFour rifles.

(xiv) Colt Match Target rifles.

(xv) CORE Rifle Systems CORE15 rifles.

(xvi) Daniel Defense M4A1 rifles.

(xvii) Devil Dog Arms 15 Series rifles.

(xviii) Diamondback DB15 rifles.

(xix) DoubleStar AR rifles.

(xx) DPMS Tactical rifles.

(xxi) DSA Inc. ZM-4 Carbine.

(xxii) Heckler & Koch MR556.

(xxiii) High Standard HSA-15 rifles.

(xxiv) Jesse James Nomad AR-15 rifle.

(xxv) Knight's Armament SR-15.

(xxvi) Lancer L15 rifles.

(xxvii) MGI Hydra Series rifles.

(xxviii) Mossberg MMR Tactical rifles.

(xxix) Noreen Firearms BN 36 rifle.

(xxx) Olympic Arms.

(xxxi) POF USA P415.

| | |
|---|---|
| | (xxxii) Precision Firearms AR rifles.<br>(xxxiii) Remington R-15 rifles.<br>(xxxiv) Rhino Arms AR rifles.<br>(xxxv) Rock River Arms LAR-15.<br>(xxxvi) Sig Sauer SIG516 rifles and MCX rifles.<br>(xxxvii) Smith & Wesson M&P15 rifles.<br>(xxxviii) Stag Arms AR rifles.<br>(xxxix) Sturm, Ruger & Co. SR556 and AR-556 rifles.<br>(xl) Uselton Arms Air-Lite M-4 rifles.<br>(xli) Windham Weaponry AR rifles.<br>(xlii) WMD Guns Big Beast.<br>(xliii) Yankee Hill Machine Company, Inc. YHM-15 rifles. |
| | (C) Barrett M107A1. |
| | (D) Barrett M82A1. |
| | (E) Beretta CX4 Storm. |
| | (F) Calico Liberty Series. |
| | (G) CETME Sporter. |
| | (H) Daewoo K-1, K-2, Max 1, Max 2, AR 100, and AR 110C. |
| | (I) Fabrique Nationale/FN Herstal FAL, LAR, 22 FNC, 308 Match, L1A1 Sporter, PS90, SCAR, and FS2000. |
| | (J) Feather Industries AT-9. |
| | (K) Galil Model AR and Model ARM. |
| | (L) Hi-Point Carbine. |
| | (M) HK-91, HK-93, HK-94, HK-PSG-1, and HK USC. |

# Cook County Board Bans Assault Weapons, Toughens Penalties




Press Room (/pressroom)

## Related Agencies

Office of the President (/agency/office-president)

Wed, 07/17/2013 - 12:00
Public Safety and Jails (/news-categories/public-safety-and-jails)

The Cook County Board of Commissioners today approved changes to the county's assault weapons ban and toughened penalties for violations of the ordinance. Cook County Board President Toni Preckwinkle, Commissioner Jesus G. "Chuy" Garcia (D-7th) and Commissioner Larry Suffredin (D-13th) sponsored amendments to the "Blair Holt Assault Weapons Ban," named for the son of a Chicago police officer who was killed in a 2007 shooting while protecting a high school classmate. The changes update, define and expand various categories of assault weapons whose sale, possession or ownership are banned in Cook County. The amended ordinance sets out in great detail the specific weapons that are covered by the ban. The County Board's action follows recent approval of the state's concealed carry law, which gives local governments a deadline by which they need to address changes in their own ordinances governing possession of guns. "We must do what we can to stem the tide of gun violence and keep weapons with high levels of destructive capability out of circulation," President Preckwinkle said. "This amended ordinance recognizes the challenges we face in Cook County and puts in place responsible and meaningful laws aimed at protecting our residents and law enforcement officers." The amended assault weapons ordinance will increase penalties for violators of its provisions. Any person found in violation shall be subject to a fine of between $1,000 and $5,000. The previous fines ranged from $500 to $1,000. A subsequent violation of the ordinance could bring a fine of up to $10,000. Individuals found in violation may still be sentenced for a jail term of up to six months. The ordinance exempts any firearm that has been made permanently inoperable or is an "antique firearm," or weapons designed specifically for Olympic target



shooting events. The assault weapons ban applies to all municipalities in Cook County unless a municipality has its own law on the books. In a separate action, the Board also approved an ordinance proposed by President Preckwinkle and Commissioner Garcia that establishes guidelines and penalties concerning access to firearms and ammunition by minors. The "Protection of Minors" ordinance prohibits the sale or transfer of any firearm or ammunition to a minor, defined in the ordinance as any person under the age of 21. It further sets specific rules that firearms owners must follow to secure weapons and prevent access to those weapons by minors, such as storing them in locked containers separate from ammunition or equipping them with trigger locks. "Today's headlines are filled with stories of homicides and suicides of young people, as well as children accidently shooting themselves or a sibling," Garcia said. "It is our responsibility to ensure he most vulnerable in our society are safe. As an elected official I am sworn to protect them. The passing of the "Protection of Minors Ordinance" is yet another step in my strategy to develop a comprehensive public safety and anti-violence action agenda in Cook County." Penalties for violating the ordinance include a mandatory fine of $1,000 for the first offense and a fine of up to $2,000 for each repeat offense. The ordinance includes a provision that exempts access and use of a firearm by a minor in a lawful act of self-defense, in the defense of another person, or if a minor gains access to a firearm through unlawful entry. Also exempted are law enforcement officers and members of the armed forces or National Guard while engaged in their official duties. "This is a common sense approach to making sure children do not have unrestricted access to weapons and will hopefully prevent the kinds of incidents we hear about all too often, where youngsters find loaded weapons with tragic results," President Preckwinkle said. Both ordinances go into effect immediately.

*Footnotes:*

*--- (20) ---*

***Editor's note—*** *Section 4 of Ord. No. 22-099 , adopted August 16, 2022, states the following: "SECTION 4: Effective date and Pre-existing purchasers. This Ordinance shall take effect on January 1, 2023, (the "Effective Date"), except as follows: Any person that can demonstrate to the satisfaction of the City Attorney that the Commercial Sale of an Assault Rifle was completed prior to the Effective Date of January 1, 2023, which means that prior to January 1, 2023, the purchaser completed an application, passed a background check, and has a receipt or purchase order for said purchase, without regard to whether the purchaser has actual physical possession of the Assault Rifle, shall be considered a pre-existing purchaser. For said pre-existing purchaser, the delivery of physical possession of the Assault Rifle may be completed, even if such activity would otherwise be in violation of the new provisions of Chapter 19 (Regulation of the Commercial Sale of Assault Rifles) of Title 3 (Business and License Regulations). Notwithstanding the foregoing, if physical possession of the Assault Rifle will not occur until more than sixty (60) days following the Effective Date of this Ordinance, that person is not a pre-existing purchaser and said purchase shall constitute a violation of the provisions of this Chapter."*

3-19-1: - DEFINITIONS:

The following words and phrases shall, for the purposes of this Chapter, have the meaning ascribed to them by this Section, as follows:

| ASSAULT RIFLE: | Means any of the following, regardless of country of manufacture or caliber of ammunition accepted: |
|---|---|
| | (1) A semiautomatic rifle that has a magazine that is not a fixed magazine and has any of the following:<br>(A) A pistol grip.<br>(B) A forward grip.<br>(C) A folding, telescoping, or detachable stock, or is otherwise foldable or adjustable in a manner that operates to reduce the length, size, or any other dimension, or otherwise enhances the concealability, of the weapon.<br>(D) A grenade launcher.<br>(E) A barrel shroud.<br>(F) A threaded barrel. |

| | |
|---|---|
| | (2) A semiautomatic rifle that has a fixed magazine with the capacity to accept more than ten (10) rounds, except for an attached tubular device designed to accept, and capable of operating only with, .22 caliber rimfire ammunition. |
| | (3) Any part, combination of parts, component, device, attachment, or accessory that is designed or functions to accelerate the rate of fire of a semiautomatic rifle but not convert the semiautomatic rifle into a machinegun. |
| | (4) All of the following rifles, copies, duplicates, variants, or altered facsimiles with the capability of any such weapon thereof: |
| | (A) All AK types, including, but not limited to, the following:<br>(i) AK, AK47, AK47S, AK-74, AKM, AKS, ARM, MAK90, MISR, NHM90, NHM91, Rock River Arms LAR-47, SA85, SA93, Vector Arms AK-47, VEPR, WASR-10, and WUM.<br>(ii) IZHMASH Saiga AK.<br>(iii) MAADI AK47 and ARM.<br>(iv) Norinco 56S, 56S2, 84S, and 86S.<br>(v) Poly Technologies AK47 and AKS.<br>(vi) SKS with a detachable magazine. |

| | |
|---|---|
| | (B) All AR types, including, but not limited to, the following:<br>(i) AR-10.<br>(ii) AR-15.<br>(iii) Alexander Arms Overmatch Plus 16.<br>(iv) Armalite M15 22LR Carbine.<br>(v) Armalite M15-T.<br>(vi) Barrett REC7.<br>(vii) Beretta AR-70.<br>(viii) Black Rain Ordnance Recon Scout.<br>(ix) Bushmaster ACR.<br>(x) Bushmaster Carbon 15.<br>(xi) Bushmaster MOE series.<br>(xii) Bushmaster XM15.<br>(xiii) Chiappa Firearms MFour rifles.<br>(xiv) Colt Match Target rifles.<br>(xv) CORE Rifle Systems CORE15 rifles.<br>(xvi) Daniel Defense M4A1 rifles.<br>(xvii) Devil Dog Arms 15 Series rifles.<br>(xviii) Diamondback DB15 rifles.<br>(xix) DoubleStar AR rifles.<br>(xx) DPMS Tactical rifles.<br>(xxi) DSA Inc. ZM-4 Carbine.<br>(xxii) Heckler & Koch MR556.<br>(xxiii) High Standard HSA-15 rifles.<br>(xxiv) Jesse James Nomad AR-15 rifle.<br>(xxv) Knight's Armament SR-15.<br>(xxvi) Lancer L15 rifles.<br>(xxvii) MGI Hydra Series rifles.<br>(xxviii) Mossberg MMR Tactical rifles.<br>(xxix) Noreen Firearms BN 36 rifle.<br>(xxx) Olympic Arms.<br>(xxxi) POF USA P415. |

| | |
|---|---|
| | (xxxii) Precision Firearms AR rifles.<br>(xxxiii) Remington R-15 rifles.<br>(xxxiv) Rhino Arms AR rifles.<br>(xxxv) Rock River Arms LAR-15.<br>(xxxvi) Sig Sauer SIG516 rifles and MCX rifles.<br>(xxxvii) Smith & Wesson M&P15 rifles.<br>(xxxviii) Stag Arms AR rifles.<br>(xxxix) Sturm, Ruger & Co. SR556 and AR-556 rifles.<br>(xl) Uselton Arms Air-Lite M-4 rifles.<br>(xli) Windham Weaponry AR rifles.<br>(xlii) WMD Guns Big Beast.<br>(xliii) Yankee Hill Machine Company, Inc. YHM-15 rifles. |
| | (C) Barrett M107A1. |
| | (D) Barrett M82A1. |
| | (E) Beretta CX4 Storm. |
| | (F) Calico Liberty Series. |
| | (G) CETME Sporter. |
| | (H) Daewoo K-1, K-2, Max 1, Max 2, AR 100, and AR 110C. |
| | (I) Fabrique Nationale/FN Herstal FAL, LAR, 22 FNC, 308 Match, L1A1 Sporter, PS90, SCAR, and FS2000. |
| | (J) Feather Industries AT-9. |
| | (K) Galil Model AR and Model ARM. |
| | (L) Hi-Point Carbine. |
| | (M) HK-91, HK-93, HK-94, HK-PSG-1, and HK USC. |

| | |
|---|---|
| | (N) IWI TAVOR, Galil ACE rifle. |
| | (O) Kel-Tec Sub-2000, SU-16, and RFB. |
| | (P) SIG AMT, SIG PE-57, Sig Sauer SG 550, Sig Sauer SG 551, and SIG MCX. |
| | (Q) Springfield Armory SAR-48. |
| | (R) Steyr AUG. |
| | (S) Sturm, Ruger & Co. Mini-14 Tactical Rifle M-14/20CF. |
| | (T) All Thompson rifles, including, but not limited to, the following:<br>(i) Thompson M1SB.<br>(ii) Thompson T1100D.<br>(iii) Thompson T150D.<br>(iv) Thompson T1B.<br>(v) Thompson T1B100D.<br>(vi) Thompson T1B50D.<br>(vii) Thompson T1BSB.<br>(viii) Thompson T1-C.<br>(ix) Thompson T1D.<br>(x) Thompson T1SB.<br>(xi) Thompson T5.<br>(xii) Thompson T5100D.<br>(xiii) Thompson TM1.<br>(xiv) Thompson TM1C. |
| | (U) UMAREX UZI rifle. |
| | (V) UZI Mini Carbine, UZI Model A Carbine, and UZI Model B Carbine. |

| | |
|---|---|
| | (W) Valmet M62S, M71S, and M78. |
| | (X) Vector Arms UZI Type. |
| | (Y) Weaver Arms Nighthawk. |
| | (Z) Wilkinson Arms Linda Carbine. |
| | (8) All belt-fed semiautomatic firearms, including TNW M2HB and FN M2495. |
| | (9) Any combination of parts from which a firearm described in subparagraphs (1) through (8) can be assembled. |
| | (10) The frame or receiver of a rifle described in subparagraphs (1) through (9). |
| | Assault rifles as defined herein do not include firearms that: (i) are manually operated by a bolt, pump, lever or slide action; or (ii) have been rendered permanently inoperable. |
| BARREL SHROUD: | A shroud that is attached to, or partially or completely encircles, the barrel of a firearm so that the shroud protects the user of the firearm from heat generated by the barrel but excluding a slide that encloses the barrel. |
| COMMERCIAL SALE OF ASSAULT RIFLES: | The sale or offer for sale of an assault rifle when the sale requires the seller to have a valid certificate of license issued pursuant to the Illinois Firearm Dealer License Certification Act (430 ILCS 68/5-1 et seq.). |
| DETACHABLE MAGAZINE: | An ammunition feeding device that can be removed from a firearm without disassembly of the firearm. |

| | |
|---|---|
| FIXED MAGAZINE: | An ammunition feeding device that is contained in and not removable from or permanently fixed to the firearm. |
| FOLDING, TELESCOPING, OR DETACHABLE STOCK: | A stock that folds, telescopes, detaches or otherwise operates to reduce the length, size, or any other dimension, or otherwise enhances the concealability, of a firearm. |
| FORWARD GRIP: | A grip located forward of the trigger that functions as a pistol grip. |
| LAW ENFORCEMENT OFFICER: | A person who can provide verification that they are currently employed by a local government agency, state government agency, or federal government agency as a sworn police officer or as a sworn federal law enforcement officer or agent. |
| PISTOL GRIP: | A grip, a thumbhole stock or Thordsen-type grip or stock, or any other characteristic that can function as a grip. |
| THREADED BARREL: | A feature or characteristic that is designed in such a manner to allow for the attachment of a device such as a firearm silencer or a flash suppressor. |

(Ord. No. 22-099 , § 2, 8-16-2022)

3-19-2: - PROHIBITION OF THE COMMERCIAL SALE OF ASSAULT RIFLES:

1. The commercial sale of assault rifles within the City is unlawful and is hereby prohibited.
2. The provisions of this Chapter shall not apply to the commercial sale of assault rifles to:
   - 2.1. Any federal, state, local law enforcement agency;
   - 2.2. The United States Armed Forces or department or agency of the United States;
   - 2.3. Illinois National Guard, or a department, agency, or political subdivision of a state; or
   - 2.4. A law enforcement officer.

(Ord. No. 22-099 , § 2, 8-16-2022)

3-19-3: - ENFORCEMENT:

Any person or entity who violates any of the provisions set forth or referenced in this Chapter shall be subject to the following:

1. A fine of one thousand dollars ($1,000.00) for a first offense within a 12-month period, and a fine of two thousand five hundred dollars ($2,500.00) for a second or subsequent offense within a 12-month period.

   1.1. Each day that a violation of this Chapter continues shall be considered a separate and distinct offense and a fine shall be assessed for each day a provision of this Chapter is found to have been violated. Notwithstanding the forgoing, the escalation of fines as set forth above shall not occur until a prior adjudication of a violation against the same person or entity has been entered.

2. Any violation of the provisions of this Chapter may be deemed a public nuisance and abated pursuant to all available remedies, including but not limited to injunctive relief. In addition to the penalties provided for in Section 3-19-3:1 above, the City shall be entitled to reimbursement for the cost of the City's reasonable attorney's fees and all costs and expenses incurred by the City to abate any entity operating as a public nuisance. Said attorney's fees and said costs and expenses shall be paid to the City within sixty (60) days of issuance of a bill therefor unless an alternate timeframe is agreed to in writing by the City Manager.

(Ord. No. 22-099 , § 2, 8-16-2022)