**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CALEB BARNETT et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>KWAME RAOUL et al.,<br><br>     Defendants. | No. 3:23-cv-00209-SPM (lead case) |
| DANE HARREL et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>KWAME RAOUL et al.,<br><br>     Defendants. | No. 3:23-cv-00141-SPM |
| JEREMY W. LANGLEY et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>BRENDAN KELLY et al.,<br><br>     Defendants. | No. 3:23-cv-00192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>JAY ROBERT "J.B." PRITZKER et al.,<br><br>     Defendants. | No. 3:23-cv-00215-SPM |

**DIRECTOR KELLY'S CROSS-MOTION FOR**
**SUMMARY JUDGMENT ON *LANGLEY* COUNT I**

Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police,

moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) with respect to

Count I of the complaint in *Langley v. Kelly*, No. 3:23-cv-00192-SPM, and, in support thereof,

states as follows:

1

1.      Count I of the *Langley* plaintiffs' complaint alleges the endorsement affidavit set forth in 720 ILCS 5/24-1.9(d) violates the constitutional privilege against self-incrimination. *Langley* ECF 1-1 at 2-3.

2.      On December 20, 2023, the *Langley* plaintiffs moved for summary judgment on their self-incrimination claim. ECF 133.

3.      The endorsement affidavit does not violate the privilege against self-incrimination for three reasons:

      a.      The endorsement affidavit is a voluntary benefit that exempts owners of certain assault weapons from otherwise applicable criminal penalties; it is not directed at the criminally suspect, and the act of submitting an affidavit does not constitute a confession of criminality.

      b.      No one is compelled to submit an affidavit; the government has no authority to impose any criminal or economic penalty on residents who are eligible to submit an affidavit but, for whatever reason, decline to do so.

      c.      The possibility plaintiffs will be prosecuted based on the information contained within their affidavits is not real and substantial; the fanciful chain of events they have dreamed up has no serious chance of coming to fruition.

4.      Because the *Langley* plaintiffs' self-incrimination claim fails as a matter of law, Director Kelly cross-moves for summary judgment in his favor.

5.      A combined memorandum in opposition to the *Langley* plaintiffs' summary judgment motion and in support of this cross-motion is filed herewith and incorporated herein.

WHEREFORE, Director Kelly moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) with respect to Count I of the complaint in *Langley v. Kelly*, No. 3:23-cv-00192-SPM.


Dated: January 19, 2024                              Respectfully submitted,

KWAME RAOUL                                          /s/ Darren Kinkead
Attorney General of Illinois                         Darren Kinkead, ARDC No. 6304847
                                                     Office of the Attorney General
Laura K. Bautista, ARDC No. 6289023                  115 South LaSalle Street
Kathryn Hunt Muse, ARDC No. 6302614                  Chicago, IL 60603
Christopher G. Wells, ARDC No. 6304265               (773) 590-6967
                                                     Darren.Kinkead@ilag.gov