IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>    Plaintiffs,<br>        vs.<br>BRENDAN KELLY, *et al.*,<br>    Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS, *et al.*,<br>    Plaintiffs,<br>        vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>    Defendants. | Case No.  3:23-cv-215-SPM |

**MOTION TO EXTEND DEADLINE FOR EXPERT REPORTS**

Defendants Illinois Attorney General Kwame Raoul, Governor JB Pritzker, and State Police Director Brendan F. Kelly, by and through their attorney, Kwame Raoul, move pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for a suspension of the May 10, 2024 deadline to provide written expert reports until after the close of fact discovery, and state as follows:

**State Defendants' Prior Requests for Fact Discovery to Inform Expert Reports**

1. On February 2, 2024, the State Defendants filed a proposed case schedule for this action after the parties were unable to agree on a joint proposal. ECF 153. The State Defendants proposed the parties exchange initial disclosures 14 days later, followed by two weeks to issue

1

written discovery, 30 days to respond to written discovery, two weeks to confer regarding discovery deficiencies, two weeks to file motions to compel, two months to complete fact depositions, and a month to disclose expert reports pursuant to Rule 26(a)(2). *Id.* at 4. This expedited case schedule was much shorter than provided by Local Rule 16.1(a) (and much faster than the State Defendants preferred), but it responded to the Court's direction to the parties on January 12, 2024 to return with an expedited proposal. *Id.* at 4-5.

2. The Court held a status hearing that day (February 2) at which the State Defendants reiterated the need for fact discovery. ECF 155. The Court did not set any deadlines or order the parties to begin discovery. The Court stated it would schedule another conference later that month.

3. On February 23, without any motion or briefing from the parties, the Court issued a 16-page memorandum "to clarify the path to move forward in this litigation." ECF 166. The memorandum provided the Court's observations about the applicable law, burdens of proof, and anticipated findings of fact. *Id*. The order did not require discovery to begin or set discovery deadlines; rather, the Court ordered the parties to meet and confer again regarding a discovery schedule in advance of another scheduling conference to be held the following week. *Id*. at 13.

4. On February 28, the Court held an in-person, multiple-hour, off-the-record conference. At this conference, the State Defendants reiterated their request that fact discovery begin, that they be afforded the time designated in the Federal Rules of Civil Procedure to complete discovery, and that fact discovery conclude prior to expert discovery. The Court issued an order setting a 14-day deadline for initial disclosures and written discovery requests to be served, followed by a deadline 21 days later (rather than 30) to respond to discovery requests. ECF 169. The order was silent regarding fact depositions, when fact discovery would close, and expert

reports. *Id.* The Court ordered the parties to include its email address when exchanging disclosures, requests, and responses. ECF 169, 171.

5. On April 11, the Court held another off-the-record conference. ECF 179. The Plaintiffs asked, despite not having given any prior notice to the State Defendants of their intention to do so, that the Court immediately set a 30-day deadline to exchange expert reports. The State Defendants again reiterated their preference for fact discovery to conclude before expert reports. As of the morning of the conference, one set of plaintiffs (*Langley*) had not provided any written responses or documents in response to the State Defendants' timely discovery requests; one set of plaintiffs (*FFL*) had not verified any of its interrogatory responses or produced any documents; and all Plaintiffs' written responses were incomplete and their assurances regarding forthcoming document productions after the Court's April 3 deadline had prevented the parties from meeting to confer about deficiencies in the responses. Given that Plaintiffs were in the initial stage of responding to discovery requests, no depositions had been noticed or taken. Despite the State Defendants' request for more time, the Court issued an order setting a 30-day (May 10) deadline for exchanging expert reports that comply with Rule 26(a)(2)(B).

**Current Request to Extend the May 10 Deadline Until After Fact Discovery**

6. Since the Court's April 11 order, the State Defendants have been working expeditiously with experts to prepare reports.

7. At this time, the State Defendants are confident they will be able to disclose at least 5 reports on May 10; they believe they will be able to disclose an additional 2-5 reports; and they do not believe they will be able to provide 1 report due to an expert's availability. But for all experts, the State Defendants renew their request for fact discovery to proceed first (and to close) before being required to disclose expert reports.

8. To meet the May 10 deadline, the State Defendants had to ask experts to draft and complete their reports with the incomplete information available from Plaintiffs in April. As explained above, Plaintiffs' written responses and document productions were incomplete 30 days before the May 10 deadline. And, despite the State Defendants filing timely discovery requests on March 13 and following up promptly with Plaintiffs regarding deficiencies in their written responses and the delayed document productions in April, as of today some Plaintiffs still have not fully responded to written discovery requests or produced responsive documents, and no depositions have taken place.[1]

9. Without knowing when or how Plaintiffs will supplement their responses and document productions, or what information their witnesses will provide at depositions, the State Defendants cannot know which of their experts would want to review information provided in Plaintiffs' future disclosures before completing their reports.

10. It would significantly increase efficiency and reduce the costs of this litigation for the deadline for the exchange of expert reports to be at least 30 days after fact discovery closes.

**Alternative Request for 30-Day Extension for Report from Dr. Schreiber**

11. In the alternative, State Defendants request a 30-day extension of time to provide a report from one of their witnesses: Dr. Martin A. Schreiber. Dr. Schreiber provided written testimony for the State Defendants to respond to Plaintiffs' motions for preliminary injunction, and his testimony is relevant to the nature and lethality of the arms Plaintiffs seek to manufacture, import, sell, purchase, and possess.

---

[1] For example, the State Defendants are currently seeking to depose specific *Barnett* and *FFL* plaintiffs and witnesses. The State Defendants requested these witnesses' availability during the parties' meet-and-confer conferences on April 25. To identify the need for additional depositions, the State Defendants are waiting for Plaintiffs to disclose the identity of witnesses they intend to call at trial.

4

12. On April 23, counsel for the State Defendants emailed Dr. Schreiber to communicate regarding deadlines and his report. Counsel received an automatic reply that stated: "Dr. Schreiber is on an urgent leave for the next few weeks." This message did not align with dates that Dr. Schreiber had previously shared with counsel when he provided dates during which he would be available this spring, and so counsel immediately reached out to his scheduler for more information. Counsel did not receive a response until a week later: On April 30, his scheduler wrote: "we do not know how long he'll be out, and I'm not able to provide any additional information as that is the extent of my knowledge."

13. The State Defendants are continuing to try to contact Dr. Schreiber but at the time of this filing do not know whether he can be reached by May 10. Even if counsel resumes contact with him before that date, we do not know whether he will be able to provide a report by May 10 given the lack of information counsel has regarding the nature of his urgent leave.

**Conclusion**

14. The State Defendants respectfully request that the May 10 deadline for all expert reports be struck. At the upcoming May 16 conference, the State Defendants propose the Court set deadlines for: Plaintiffs to supplement their responses to the written discovery State Defendants served on March 13; Plaintiffs to certify that their document production is complete; and fact depositions to conclude (at least 45 days following the later of the two preceding deadlines).

15. In the alternative, the State Defendants request a 30-day extension of the May 10 deadline (i.e., to June 10) for their disclosure of an expert report from Dr. Martin A. Schreiber.

Date: May 3, 2024

Respectfully submitted,
/s/ *Kathryn Hunt Muse*
Kathryn Hunt Muse, No. 6302614
Office of the Attorney General

115 S. LaSalle St.
Chicago, IL 60603
(312) 814-3000
Kathryn.Muse@ilag.gov

*Counsel for State Defendants Governor J.B. Pritzker, Attorney General Kwame Raoul, and ISP Director Brendan Kelly*

**CERTIFICATE OF SERVICE**

I certify that on May 3, 2024, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Kathryn Hunt Muse*

Kathryn Hunt Muse