# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, et al.,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KWAME RAOUL, et al.,<br>　　　　　Defendants, | Case No. 3:23-cv-209-SPM<br>**designated Lead Case |
| DANE HARREL, et al.,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KWAME RAOUL, et al.,<br>　　　　　Defendants, | Case No. 3:23-cv-141-SPM |
| JEREMY W. LANGLEY, et al.,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BRENDAN KELLY, et al.,<br>　　　　　Defendants, | Case No. 3:23-cv-192-SPM |
| **FEDERAL FIREARMS LICENSEES OF ILLINOIS, et al.,**<br>　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**JAY ROBERT "J.B." PRITZKER, et al.,**<br>　　　　　**Defendants.** | **Case No. 3:23-cv-215-SPM** |

### DECLARATION OF DAN ELDRIDGE ON BEHALF OF
### PLAINTIFF FEDERAL FIREARMS LICENSEES OF ILLINOIS

　　1.　　I, Dan Eldridge, am the President of Federal Firearms Licensees of Illinois ("FFL-IL"), Plaintiff in the above-titled action. I am over the age of 18 and I make this declaration of my own knowledge, except as to any matters stated therein on information and belief, and as to

1

such matters I believe them to be true. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. FFL-IL is an Illinois-based 501(c)(4) non-profit corporation whose members include primarily federally licensed firearm dealers ("FFLs") located throughout Illinois. It has been in existence since 2017. FFL-IL's main purpose is to support and defend FFLs and their customers from attacks by anti-Second Amendment rights proponents.

3. I have received, seen, or heard about communications from various FFL-IL members expressing concerns that they can no longer offer to their customers who are "non-exempt purchasers"[1] certain firearms, parts, and ammunition that they used to offer to them prior to January 10, 2023, the date that Protect Illinois Communities Act, House Bill 5471 ("PICA") took effect. Specifically, I have been informed that they have ceased selling various firearms, parts, and ammunition that Illinois's PICA has since restricted as "assault weapons," including, but not limited to:

    A. semiautomatic rifles that accept detachable magazines and have one, multiple, or all of the following features:

        i. a pistol grip;

        ii. thumbhole stock;

        iii. a protruding grip that can be held by the non-trigger hand;

        iv. an adjustable, folding, or detachable stock;

        v. a flash suppressor; and

        vi. a shroud attached to the barrel or that partially or completely encircles the barrel, allowing the bearer to hold the firearm with the non-trigger hand without being burned, but excluding a slide that encloses the barrel;

    B. SKS rifles with a detachable magazine (with or without the features listed in 720

---

[1] "Non-exempt purchasers" means individuals or entities not exempt from restrictions on purchase or possession under the Protect Illinois Communities Act (Illinois Public Act 102-1116), as specified in 720 ILCS 5/24-1.9(e) and 720 ILCS 5/24-1.10(e)

       Ill. Comp. Stat. Ann. 5/24-1.9, subd. (a)(1)(A));

C. semiautomatic pistols that accept detachable magazines and have one, multiple, or all of the following features:
  i. a threaded barrel;
  ii. a second pistol grip or another feature capable of functioning as a protruding grip that can be held by the non-trigger hand;
  iii. a shroud attached to the barrel or that partially or completely encircles the barrel, allowing the bearer to hold the firearm with the non-trigger hand without being burned, but excluding a slide that encloses the barrel;
  iv. a flash suppressor;
  v. the capacity to accept a detachable magazine at some location outside of the pistol grip; and
  vi. a buffer tube that protrudes horizontally behind the pistol grip;

D. semiautomatic shotguns that have any one of the following features:
  i. a pistol grip;
  ii. a thumbhole stock;
  iii. a folding stock;
  iv. a feature capable of functioning as a protruding grip that can be held by the non-trigger hand;
  v. the capacity to accept a detachable magazine.

E. semiautomatic shotguns that have a fixed magazine with the capacity of more than 5 rounds;

F. rifles chambered for .50 BMG ammunition;

G. .50 BMG ammunition;

H. individual parts that when affixed to a rifle, pistol, or shotgun, would bring the respective firearm into PICA's definition of an "assault weapon," including, but not limited to: pistol grips; flash suppressors; barrel shrouds; adjustable,

3

        telescoping, or removal stocks; thumbhole stocks; and a part capable of functioning as a protruding grip that can be held by the non-trigger hand

4. I have received, seen, or heard about communications from various FFL-IL members that but for fear of prosecution under PICA, they would continue to sell items to the general public that PICA currently prohibits them from selling identified in Paragraph 3, above. As a result, FFL-IL's members have been unable to furnish their customers with arms, ammunition, and parts that their customers want and have purchased from them in the past. By dramatically reducing what those members may offer for sale, including some of the most popular firearm models in the country, PICA decreases members' business opportunities and profitability. Furthermore, the prohibition on "parts" pursuant to PICA is so broad that it encompasses sales of replacement parts to those who already own the affected firearms and could preclude its members from even repairing firearms with those parts. In doing so, PICA precludes members of the public from access to these arms, parts, and ammunition.

5. As an example of an affected member of FFL-IL, Sportswereus, Inc., dba R Guns has been a member of FFL-IL since before PICA was adopted and has remained one since. R Guns manufactured and sold in the State of Illinois semiautomatic AR-platform rifles that accept detachable magazines and have a pistol grip, flash suppressor, barrel shroud, and adjustable stock. Prior to PICA taking effect, R Guns would sell between 3,000-5,000 such rifles a year in Illinois. Upon PICA taking effect, it ceased manufacturing or selling any such firearms in Illinois for fear of prosecution for violating PICA. As a result, not only has it lost the vast majority of its income source, it had to pay hundreds of thousands of dollars to construct a storage facility outside of Illinois to house its products that can no longer be sold in Illinois. Its future survival is in doubt, due to PICA's restrictions on the products it previously manufactured and sold in Illinois.

        Another example of an affected member is Piasa Armory, LLC, which has been a member of FFL-Ill since before PICA was adopted and has remained one since. It is a plaintiff in this matter and has expressed its concerns about PICA to this Court, which are incorporated

herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 12, 2024, in St. George Island, Florida.

_____
Dan Eldridge
Declarant

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, an electronic PDF of **DECLARATION OF DAN ELDRIDGE ON BEHALF OF PLAINTIFF FEDERAL FIREARMS LICENSEES OF ILLINOIS** was sent by electronic mail to the following registered attorneys participating in the case:

*Counsel for State Defendants Attorney General Kwame Raoul, Governor J.B. Pritzker, and ISP Director Brendan Kelly*

Christopher G. Wells
christopher.wells@ilag.gov
Darren Kinkead
darren.kinkead@ilag.gov
Kathryn Muse
kathryn.muse@ilag.gov
Laura K. Bautista
laura.bautista@ilag.gov
John Hazinski
john.hazinski@ilag.gov
Michael M. Tresnowski
michael.tresnowski@ilag.gov
Stefanie Krajewski
stefanie.krajewski@ilag.gov
Office of the Attorney General
115 S. LaSalle St.
Chicago, IL 60603

*Counsel for Barnett Plaintiffs*

Paul D. Clement
paul.clement@clementmurphy.com
Erin E. Murphy
erin.murphy@clementmurphy.com
Matthew D. Rowen
matthew.rowen@clementmurphy.com
Nicholas M. Gallagher
nicholas.gallagher@clementmurphy.com
Nicholas Aquart
nicholas.aquart@clementmurphy.com
Clement & Murphy, PLLC
706 Duke Street

Alexandria, VA 22314

Gary C. Pinter
gpinter@smbtrials.com
Swanson, Martin & Bell, LLP
103 W. Vandalia Street, Suite 215
Edwardsville, IL 62025

Andrew A. Lothson
alothson@smbtrials.com
James Vogts
jvogts@smbtrials.com
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

*Counsel for Harrel Plaintiffs*

David G. Sigale
dsigale@sigalelaw.com
Law Firm of David G. Sigale, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148

David H. Thompson
dthompson@cooperkirk.com
Peter A. Patterson
ppatterson@cooperkirk.com
William V. Bergstrom
wbergstrom@cooperkirk.com
Cooper & Kirk
1523 New Hampshire Avenue, NW
Washington, D.C. 20036

*Counsel for Langley Plaintiffs*

Thomas G. Maag
tmaag@maaglaw.com
Peter J. Maag
lawmaag@gmail.com
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

*Counsel for Defendant Cole Shaner, in his official capacity as State's Attorney for Crawford County, Illinois*

Keith B. Hill
khill@heylroyster.com
edwecf@heylroyster.com
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia, Suite 100, Mark Twain Plaza III
Edwardsville, IL 62025 0467

*Counsel for Randolph County Defendants*

James E. Godfrey, Jr.
jgodfrey@evans-dixon.com
Kerry B. Banahan
kbanahan@evans-dixon.com
Katherine F. Asfour
kasfour@evans-dixon.com
Beth Pani
bpani@evans-dixon.com
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102

*Counsel for Defendants, James Gomric, in his official capacity as State's Attorney of St. Clair County, Illinois and Richard Watson, in his official capacity as Sheriff of St. Clair County, Illinois*

Thomas R. Ysursa
try@bhylaw.com
BECKER, HOERNER, & YSURSA, P.C.
5111 West Main Street
Belleville, IL 62226


Dated: July 12, 2024                              *s/ Laura Palmerin*
                                                  Laura Palmerin