# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>    Plaintiffs,<br>        vs.<br>KWAME RAOUL, *et al.*,<br>    Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>    Plaintiffs,<br>        vs.<br>BRENDAN KELLY, *et al.*,<br>    Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS<br>LICENSEES OF ILLINOIS, *et al.*,<br>    Plaintiffs,<br>        vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>    Defendants. | Case No.  3:23-cv-215-SPM |

## JOINT STIPULATION REGARDING EXPERT WITNESSES AND TRIAL PROCEDURE

To reduce the burden and costs of discovery, ensure the parties' readiness by the scheduled trial date, limit the length and costs of trial, promote judicial efficiency and the convenience of witnesses, and in furtherance of the goals set forth in Federal Rule of Civil Procedure 1, the Plaintiffs and undersigned Defendants in the above-captioned cases respectfully submit this stipulation pursuant to the Federal Rules of Civil Procedure 16, 26, and 29 for the Court's approval.

1.    **Definitions**. In this stipulation:

   a.  "Plaintiffs" are all plaintiffs in the four above-captioned actions: Dane Harrel, C4 Gun Store, LLC, Marengo Guns, Inc., Illinois State Rifle

Association, Firearms Policy Coalition, Inc., and Second Amendment Foundation ("*Harrel* plaintiffs"); Jeremy W. Langley, Timothy B. Jones, and Matthew Wilson ("*Langley* plaintiffs"); Caleb Barnett, Brian Norman, Hood's Guns & More, Pro Gun and Indoor Range, and National Shooting Sports Foundation, Inc. ("*Barnett* plaintiffs"); Federal Firearms Licensees of Illinois, Guns Save Life, Gun Owners of America, Gun Owners Foundation, Piasa Armory, Debra Clark, Jasmine Young, and Chris Moore ("*FFL* plaintiffs").

b. "State Defendants" are Defendants Governor JB Pritzker, Attorney General Kwame Raoul, and Director Brendan Kelly.

c. The "Hearing" is the bench trial set by the Court to begin on September 16, 2024, ECF 195, or any day to which such trial may be continued.

d. A "Witness List" is the list of witnesses the Court ordered the parties to exchange on September 6, 2024. ECF 195.

e. An "Expert Witness" is any witness previously identified by Plaintiffs or the State Defendants in this matter pursuant to the Court's orders and Federal Rule of Civil Procedure 26(a)(2)(A).

f. A "Non-Testifying Expert Witness" is any Expert Witness who:

   i. is not included on a Witness List; or

   ii. is included on a Witness List but, for whatever reason, does not testify at the Hearing.

2. **Plaintiffs' Expert Witnesses**. As of the date of this stipulation, Plaintiffs intend to call the following Expert Witnesses to testify at the Hearing: Stephen "Randy" Watt, Jeffrey Eby, and James Ronkainen.

3. Defendants may depose the Expert Witnesses identified in the preceding paragraph 2 but shall not depose any of Plaintiffs' other Expert Witnesses (except for the depositions of Paul Leitner-Wise and Stephen "Randy" Watt that preceded this stipulation).

4. Plaintiffs may include on their Witness List any of the Expert Witnesses identified in the preceding paragraph 2 but shall not include on their Witness List any Expert Witness who is not identified in the preceding paragraph 2.

5.      **State Defendants' Expert Witnesses**. As of the date of this stipulation, the State Defendants intend to call the following Expert Witnesses to testify at the Hearing: Peter Lucier, Jason Dempsey, and Craig Tucker.

6.      Plaintiffs may depose the Expert Witnesses identified in the preceding paragraph 5 but shall not depose any of the State Defendants' other Expert Witnesses.

7.      The State Defendants may include on their Witness List any of the Expert Witnesses identified in the preceding paragraph 5 but shall not include on their Witness List any Expert Witness who is not identified in the preceding paragraph 5.

8.      **Limit on Hearing Testimony**. Only a person who is included on a party's Witness List may testify live at the Hearing.

9.      **Expert Witness Declarations**. The proponent of any Expert Witness, including a Non-Testifying Expert Witness, may submit a declaration by the witness to authenticate reports previously provided by the witness pursuant to the Court's orders and Federal Rule of Civil Procedure 26(a)(2)(B). Any party may also submit the transcript of a deposition taken in these actions of any Expert Witness for the Court's consideration.

10.     If any Expert Witness authenticates a report as provided in the preceding paragraph 9, then:

      a.      the contents of the Expert Witness's report shall be considered to be part of the record in this proceeding to the same extent as if the Expert Witness had testified to such at the Hearing;

      b.      Plaintiffs and the State Defendants may cite to or rely on the contents of the Expert Witness's report in briefs;

      c.      no party shall object to such citation or reliance on the grounds that the Expert Witness, including a Non-Testifying Expert Witness, did not testify at the Hearing or related grounds based on the Federal Rules of Evidence;

       d.      all other objections concerning the Expert Witness are preserved, including but not limited to objections related to the requirements of Federal Rule of Civil Procedure 26 or Federal Rule of Evidence 702; and

       e.      the parties agree the Court may rely on the contents of the Expert Witness's report and deposition testimony in resolving the parties' disputes in this matter, regardless of whether the Expert Witness testifies live at the Hearing, and subject to any objections made pursuant to subparagraph (d) above.

11.      This stipulation is dated July 15, 2024, and shall become effective upon the Court's approval.

SO STIPULATED:

/s/ Kathryn Hunt Muse
Kathryn Hunt Muse
Office of the Attorney General
115 S. LaSalle Street
Chicago, IL 60603
(312) 814-3000
Kathryn.Muse@ilag.gov
*Counsel for State Defendants*

/s/ Thomas G. Maag
Thomas G. Maag
Maag Law Firm, LLC
22 W. Lorena Avenue
Wood River, IL 62095
(618) 216-5291
tmaag@maaglaw.com
*Counsel for the* Langley *plaintiffs*

/s/ Sean A. Brady
Sean A. Brady
Michel & Associates, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
(562) 216-4444
sbrady@michellawyers.com
*Counsel for the* FFL *plaintiffs*

/s/ David G. Sigale
David G. Sigale
Law Firm of David G. Sigale, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com
*Counsel for* Harrel *plaintiffs*

/s/ Andrew A. Lothson
Andrew A. Lothson
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
alothson@smbtrials.com
(312) 321-9100
*Counsel for the* Barnett *plaintiffs*

/s/ Andrew G. Hamilton
Andrew G. Hamilton
McHenry County State's Attorney's Office
2200 N. Seminary Ave.
Woodstock, IL 60098
815-334-4043
AGHamilton@mchenrycountyil.gov
*Counsel for the McHenry County defendants*
*(Patrick Kenneally and Robb Tadelman)*

/s/ Thomas R. Ysura
Thomas R. Ysura
Becker, Hoerner, & Ysursa, P.C.
5111 W. Main St.
Belleville, IL 62226
618-235-0020
try@bhylaw.com
*Counsel for the St. Clair County defendants*
*(James Gomric and Richard Watson)*

/s/ Keith B. Hill
Keith B. Hill
Heyl, Royster, Voelker & Allen, P.C.
105 W. Vandalia St.
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
618-656-4646
khill@heylroyster.com
*Counsel for defendant Cole Shaner*

/s/ Katherine F. Asfour
Katherine F. Asfour
Evans & Dixon, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, MO 63102
314-621-7755
kasfour@evans-dixon.com
*Counsel for the Randolph County
defendants (Jarrod Peters and Jeremy
Walker)*

SO ORDERED:

Honorable Stephen P. McGlynn
United States District Judge