**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>        Plaintiffs,<br>                vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>        Plaintiffs,<br>                vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>        Plaintiffs,<br>                vs.<br>BRENDAN KELLY, *et al.*,<br>        Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS<br>LICENSEES OF ILLINOIS, *et al.*,<br>        Plaintiffs,<br>                vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>        Defendants. | Case No.  3:23-cv-215-SPM |

**DIRECTOR KELLY'S MOTION FOR SUMMARY JUDGMENT
ON *LANGLEY* PLAINTIFFS' COUNTS IV AND VI (VAGUENESS)**

Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) with respect to Counts IV and VI of the complaint in *Langley v. Kelly*, No. 3:23-cv-00192-SPM, and, in support thereof, states as follows:

1.      Count IV of the *Langley* plaintiffs' complaint alleges the definition of large capacity ammunition feeding devices[1] in 720 ILCS 5/24-1.10(a) of the Protect Illinois Communities Act ("PICA") is unconstitutionally vague. In Count VI, the *Langley* plaintiffs allege that the part of the definition of "assault weapon" that includes copycat assault weapons—720 ILCS 5/24-1.9(a)(1)(J)-(K) of PICA—is unconstitutionally vague. [2]

2.      On May 19, 2023, the *Langley* plaintiffs moved for partial summary judgment on their vagueness claims in Counts IV and VI. *Langley* ECF 41.[3] Director Kelly filed a response in opposition to the partial motion for summary judgment (ECF 116) and motion to supplement his response (ECF 124). The *Langley* plaintiffs filed a reply in support of their motion for summary judgment (ECF 117) and a supplemental reply (ECF 129). On October 11, 2023, the Court heard argument on the *Langley* plaintiffs' motion. ECF 125.

3.      On December 14, 2023, the Court entered an order denying the *Langley* plaintiffs' partial motion for summary judgment on vagueness. ECF 132. The Court found that "because the *Langley* Plaintiffs have advanced a facial challenge to PICA, this is a question of law before the Court." ECF 132 at 5.

4.      The Court found that, unlike the municipal firearm ordinance struck down as unconstitutionally vague in *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250 (6th Cir. 1994), PICA provides a definition of the types of weapons banned and lists examples of the types

---

[1] The definition of large capacity ammunition feeding devices includes not only magazines but also "belt, drums, feed strips, or similar devices." For brevity, this motion refers to all of those devices as "magazines."

[2] The complaint mis-numbers the sixth count as Count IV.

[3] All references are to the *Barnett* docket unless otherwise specified.

of weapons banned, which follows the explicit guidance provided by the Sixth Circuit in *Springfield Armory* of a statute that could pass constitutional muster. ECF 132 at 10–11.

5.      The Court also found that the *Langley* plaintiffs' facial challenge to PICA's definition of large capacity magazines based on vagueness failed because of the mens rea requirement of knowing possession of prohibited magazines. ECF 132 at 12–13.

6.      The Court acknowledged that the *Langley* plaintiffs presented potential "edge questions" about magazines that can fit interchangeably in a pistol or rifle, and about specific weapons that their witnesses claim are not substantially similar to AR-type weapons. ECF 132 at 15–16. However, the Court found that there was still a discernable core to PICA's definitions, and any edge questions were better suited to as-applied challenges. *Id*.

7.      For these same reasons, the *Langley* plaintiffs' vagueness claims fail as a matter of law, and Director Kelly is entitled to summary judgment in his favor.

8.      As the Court correctly found, the *Langley* plaintiffs' vagueness claims present a "question of law," and as such there are no relevant, material facts at issue with this motion. ECF 132 at 5; *see also Little Arm Inc. v. Adams*, 13 F.Supp.3d 914, 920 (S.D. Ind. 2014) ("The interpretation of a statute is a question of law, and such questions are particularly appropriate for summary judgment.") (citing *Masters v. Hesston Corp.*, 291 F.3d 985, 989 (7th Cir. 2002)).

9.      As set forth in Defendant's response to the *Langley* plaintiffs' partial motion for summary judgment on vagueness (ECF 116) and motion to supplement his response (ECF 124), which are incorporated herein by reference, summary judgment should be entered in Defendant Kelly's favor on Counts IV and VI of the *Langley* plaintiffs' complaint.

3

WHEREFORE, Director Brendan Kelly moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) with respect to Counts IV and VI of the complaint in *Langley v. Kelly*, No. 3:23-cv-00192-SPM.

Dated: August 30, 2024

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Laura K. Bautista
Laura K. Bautista, ARDC No. 6289023

Kathryn Hunt Muse, ARDC No. 6302614
Christopher G. Wells, ARDC No. 6304265

Office of the Attorney General
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Laura.Bautista@ilag.gov

4

## **CERTIFICATE OF SERVICE**

I certify that on August 30, 2024, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Laura K. Bautista
Laura K. Bautista
Assistant Chief Deputy Attorney General