IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT et al.,<br>    Plaintiffs,<br>v.<br>KWAME RAOUL et al.,<br>    Defendants. | No. 3:23-cv-00209-SPM (lead case) |
| DANE HARREL et al.,<br>    Plaintiffs,<br>v.<br>KWAME RAOUL et al.,<br>    Defendants. | No. 3:23-cv-00141-SPM |
| JEREMY W. LANGLEY et al.,<br>    Plaintiffs,<br>v.<br>BRENDAN KELLY et al.,<br>    Defendants. | No. 3:23-cv-00192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS et al.,<br>    Plaintiffs,<br>v.<br>JAY ROBERT "J.B." PRITZKER et al.,<br>    Defendants. | No. 3:23-cv-00215-SPM |

**JOINT MOTION TO STAY ATTORNEYS' FEES
AND COSTS PROCEEDINGS PENDING APPEAL**

All parties jointly move the Court to stay all proceedings and vacate all deadlines relating to attorney fees, non-taxable expenses, and costs until the appeals filed in each of these consolidated actions by Defendants JB Pritzker, Kwame Raoul, and Brendan Kelly ("State Defendants") are finally concluded and no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise. In support of this motion, the parties state:

1.     On November 8, 2024, in each of these consolidated actions, the Court issued findings of fact and conclusions of law, ECF 258; *see Harrel* ECF 54; *Langley* ECF 45; *Federal Firearms Licensees of Illinois* ECF 85, and entered judgment in favor of Plaintiffs, ECF 259; *see Harrel* ECF 55; *Langley* ECF 46; *Federal Firearms Licensees of Illinois* ECF 86.

2.     On November 8, 2024, the State Defendants filed notices of appeal from the Court's judgment in each of these consolidated actions. ECF 260; *see Harrel* ECF 56; *Langley* ECF 47; *Federal Firearms Licensees of Illinois* ECF 87.

3.     On November 8, 2024, the *Langley* Plaintiffs filed a motion for costs and attorneys' fees in which they noted "[t]hat it is conceivable that this Court would wish to hear the issue of costs and fees post any appeal, as it is conceivable that it would wish to consider the issue at this time" and that they "have no preference" as between these possibilities. ECF 261, ¶ 5; *see Langley* ECF 48, ¶ 5.

4.     The *Harrel* Plaintiffs, *Barnett* Plaintiffs, and *Federal Firearms Licensees of Illinois* Plaintiffs all intend to seek reimbursement of their fees and costs in this matter as well.

5.     A district court "retains jurisdiction to consider a fee petition … in a civil case even after a final judgment has been entered." *Kedziora v. Citicorp National Services*, 901 F. Supp. 1321, 1333 n.8 (N.D. Ill. 1995). Federal Rule 54(d) provides that a motion for attorney

1

fees must typically be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d).

6. The Court generally "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to stay specific proceedings within a case, courts consider the following factors: (1) whether a stay will simplify the issues in question and streamline proceedings; (2) whether a stay will reduce the burden of litigation on the court and the parties; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Kuklinski v. Binance Capital Management Co.*, No. 21-cv-01425-SPM, 2022 WL 3018427, at *1 (S.D. Ill. July 29, 2022).

7. All parties have conferred and agree the Court should enter an order staying all proceedings relating to attorneys' fees and costs, and vacating any associated deadlines, until the State Defendants' appeals are finally concluded and no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise. Such a stay would simplify the issues in question, streamline proceedings, and reduce the burden of litigation on the Court and the parties because the resolution of the State Defendants' appeals will be relevant to determining whether, and the extent to which, Plaintiffs are the prevailing party in this case. Moreover, because all parties are joining this motion, and the Court has authority to set a schedule for considering fee-related and cost-related issues after final judgment, no party will be prejudiced or tactically disadvantaged by the relief requested here. *See* Minute Entry, *Schoenthal v. Raoul*, No. 3:22-cv-50326 (N.D. Ill. Sept. 23, 2024), ECF 121 (granting stay of attorneys' fees and costs proceedings under similar circumstances).

8. Accordingly, all parties respectfully move the Court to stay all proceedings and

vacate any deadlines relating to attorney fees, non-taxable expenses, or costs under Federal Rule of Civil Procedure 54(d) until the State Defendants' appeals are finally concluded and are no longer subject to review by any court, whether by additional appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.

Dated: November 14, 2024

Respectfully submitted,

/s/ William V. Bergstrom (with permission)
William V. Bergstrom
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
wbergstrom@cooperkirk.com

/s/ Darren Kinkead
Darren Kinkead
Office of the Attorney General
115 South LaSalle Street
Chicago, IL 60603
Darren.Kinkead@ilag.gov

/s/ Thomas G. Maag (with permission)
Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095
tmaag@maaglaw.com

/s/ Andrew G. Hamilton (with permission)
Andrew G. Hamilton
McHenry County State's Attorney's Office
2200 North Seminary Avenue
Woodstock, IL 60098
AGHamilton@mchenrycountyil.gov

/s/ Matthew D. Rowen (with permission)
Matthew D. Rowen
Clement & Murphy PLLC
706 Duke Street
Alexandria, VA 22314
matthew.rowen@clementmurphy.com

/s/ Thomas R. Ysursa (with permission)
Thomas R. Ysursa
Becker, Hoerner, & Ysursa, P.C.
5111 West Main Street
Belleville, IL 62226
try@bhylaw.com

/s/ Sean A. Brady (with permission)
Sean A. Brady
Michel & Associates, P.C.
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
sbrady@michellawyers.com

/s/ Katherine F. Asfour (with permission)
Katherine F. Asfour
Evans & Dixon, L.L.C.
211 North Broadway, Suite 2500
Saint Louis, MO 63102
kasfour@evans-dixon.com

/s/ Keith B. Hill (with permission)
Keith B. Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
khill@heylroyster.com

3